MORRIS ALTMAN *against* BENJAMIN ALTMAN *et al.*

Plaintiff and defendant, having been partners in business, and having by mutual agreement dissolved, the defendants, by a written stipulation, agreed to pay the plaintiff for his interest in the good will of the business, such sum as it should be decided to be reasonably worth, by arbitrators to be appointed by the parties. Under this agreement arbitrators were appointed, who were unable to come to any decision on the question submitted to them. *Held*, that plaintiff could not maintain an action to have the value of his interest determined and paid to him, and that in the absence of bad faith on the part of the defendants, the rendering of an award by the arbitrators was a condition precedent to the plaintiff's right of action.

APPEAL from a judgment of this court entered on the report of a referee. The facts were as follows:

The plaintiff and the defendants had been partners in business in the city of New York, but differences had arisen between them, and, on March 15th, 1872, there was pending between them an action for a dissolution of the partnership and an accounting. On that day (March 15th), for the purpose of settling their differences and ending the suit, they entered into an agreement which, after making provision for the other matters in dispute between them, provided that the de-

fendants should pay to the plaintiff, for his interest in the good will of the business, until the expiration of their then lease, such sum as the same should be decided to be reasonably worth, by three disinterested persons, or a majority of them, one of whom should be chosen for that purpose by this plaintiff, one by these defendants, the two so chosen to select the third, and the decision of any two to be final; certain other questions were also submitted to these persons to be so chosen, and it was provided that such sum as they should determine ought to be paid to the plaintiff, should be paid to him in the joint and several notes of the defendants at eighteen and twenty-four months.

In conformity with the provisions of this agreement, both plaintiff and defendants nominated a person to act as arbitrator on their respective behalfs. The two arbitrators thus appointed, met on several occasions to consider the subject submitted to them for arbitration, but failed to agree either in the choice of an arbitrator or the amount of the award.

The plaintiff thereupon commenced this action, and claimed that the failure of the arbitrators to agree was caused by the interference of the defendants, and asked that the agreement might be specifically enforced, and the value of the plaintiff's interest in the good will of the business be ascertained and paid to him.

There was no evidence to show that the defendants had in any way influenced the conduct of the arbitrators, and the referee dismissed the complaint.

Plaintiff appealed.

*John L. Hill*, for appellant.

*John Hubbell*, for respondent.

DALY, Chief Justice.—The agreement was one coming under that class of cases pointed out and distinguished by Judge ALLEN in *The President &c. of the Delaware &c. v. The Pennsylvania Coal Co.* (50 N. Y. 266), as cases in which the agree-

ment which creates the liability and gives the right, qualifies it by providing that before a right of action shall accrue, certain facts shall be determined, or amounts and values ascertained, which is made a condition precedent, by express terms, or by implication. When that is the case, the courts give full effect to the condition, and the party who would enforce the agreement must show that he has done all, upon his part, that could be done to carry it into effect (*The United States* v. *Robeson,* 9 Peters, 319).

In *Scott* v. *Avery* (5 H. of Lords' Cases, 811; 8 Exch. 417), the judges who delivered opinions went farther than this, or at least some of them, by holding that no action lies at all until the award is made; that that is part of the cause of action; that the promise is to pay only what may be awarded; that it is competent to agree that a sum of money shall be paid upon such a contingency or in such an event, and that there can be no right of action until an award is made. This appears to have been followed in the subsequent cases of *Brauenstein* v. *The Accidental Death Ins. Co.* (1 Best & Smith, 782), and *Tredman* v. *Holman* (1 Hurls. & Colt. 72). But it was not necessary, in either of these cases, to go this length. In *Scott* v. *Avery*, the plaintiff declined to accept the sum ascertained by the committee. In *Brauenstein* v. *The Accidental Death Ins. Co.*, the defendants averred that they had always been ready to arbitrate; but that there had been no arbitration; and in *Tredman* v. *Holman*, the plaintiff refused to arbitrate. Nor was it necessary to go so far in the case in the Court of Appeals, for though in that case arbitrators were appointed, they never had a meeting; the matter in dispute had never been submitted to them. Nor is it necessary in the case now before us. All that was shown in this case was that each party had appointed an arbitrator; that they had met and could not agree upon a third one; the contract making provision for an arbitration by three arbitrators, each party selecting one, and the two so selected appointing the third. To the three so selected the matter was to be referred, and the decision of any two of them was to be final.

It does not follow that because the two arbitrators selected

Altman v. Altman.

could not agree upon a third that an arbitration was impossible. If they could not agree, it was for the plaintiff, before resorting to this action, to propose to the defendant the selection of two others in place of those who could not agree upon a third. If the defendant had then refused to do so, or if the plaintiff could show that the disagreement was brought about by the defendant's instrumentality for the purpose of preventing an award, or anything from which it appeared that he was acting in bad faith, or interposing obstacles so that no award might be had, then the position of the plaintiff would be very different. As the defendant is the one who is to pay such further sum as the good will of the business is decided by the arbitrators to be reasonably worth, the law would not allow him to evade it by preventing the making of any award. If, through his acts and bad faith, or from any other cause, an arbitration has become impossible, I am not prepared to say that the plaintiff would not have a right of action. But that is not this case. The arbitration and award is a condition precedent to the plaintiff's right of action, and he cannot maintain it unless he shows that he has done all in his power, and that it is on his part impossible to carry the arbitration into effect. The judgment therefore of the referee should be affirmed.

Loew and J. F. Daly, JJ., concurred.

Judgment affirmed.