[No. 11694.   Department One.— May 20, 1887.]

ADDIE CARROLL, EXECUTRIX, ETC., OF PATRICK CARROLL, DECEASED, RESPONDENT, *v.* GIRARD FIRE INSURANCE COMPANY OF THE CITY OF PHILADELPHIA, APPELLANT.

FIRE INSURANCE — NOTICE AND PRELIMINARY PROOF OF LOSS — WAIVER — PROCEEDINGS FOR ARBITRATION. — A provision in a policy of fire insurance, requiring the assured in case of loss to forthwith give notice thereof to the insurer, and produce a certificate of preliminary proof from a notary or magistrate, is waived, if the insurer, after learning of

the loss, makes no objection to the absence of the notice and preliminary proof, but joins in proceedings for determining the loss by arbitration, which proceedings were required by the policy to be taken after proof of the loss had been received in due form. And this result follows, although the policy contains a provision that no condition thereof shall be altered, annulled, or waived, except by the written indorsement of the president or secretary of the insurer.

ID.—RATIFICATION BY INSURER OF ACTS OF AGENT.—In such a case, the insurer cannot deny the authority of its agents to waive the provision of the policy as to notice and preliminary proof, when it adopts their acts in that regard, and relies on the award as a defense to an action to recover for the loss.

ID.—PROVISION FOR SUBMISSION TO ARBITRATION.—Such a waiver is not prevented by a provision in the submission to arbitration, to the effect that the appointment "is without reference to any question or matters of difference within the terms and conditions of the insurance, and is not to be taken as any waiver upon the part of the companies of the said conditions in their policies, in case they elect to avail themselves of them."

ID.—ACTION TO RECOVER LOSS—SUBMISSION TO ARBITRATION ESSENTIAL PREREQUISITE—AMOUNT OF RECOVERY.—The policy in question provided that in case differences should arise touching any loss or damage, the matter might be submitted to arbitrators, whose award in writing should determine the amount of such loss or damage, but not decide the question of the liability of the insurer, and that no action could be maintained against the insurer for the recovery of any claim under the policy until an award had been obtained fixing such claim. *Held*, that the submission to arbitration was a condition precedent to the right of the assured to recover for a loss, and that the action should be for the amount as fixed by the award.

ID.—PLEADING—COMPLAINT MUST ALLEGE AWARD.—In such an action, the complaint must specifically allege the award, or show that it was prevented by the fraudulent conduct of the insurer; an allegation that the plaintiff has duly performed and kept all the conditions of the policy is not sufficient.

ID.—ANSWER TO CROSS-COMPLAINT—UNAUTHORIZED PLEADING.—A paper filed in an action by the plaintiff, and styled an "answer to the defendant's cross-complaint," will not be considered as a pleading when no cross-complaint is filed.

APPEAL from a judgment of the Superior Court of Merced County, and from an order refusing a new trial.

The facts are stated in the opinion.

*T. C. Van Ness*, for Appellant.

*Wigginton, Creed & Hawes*, for Respondent.

Hayne, C. — Action upon a policy of insurance; verdict and judgment for plaintiff. The grounds for reversal urged by counsel for appellant may be reduced to two.

1. The policy requires that in case of loss the assured shall "forthwith" give notice thereof, "and shall also produce" a certificate from a notary or magistrate to the effect that he has examined into the circumstances, and believes that the assured has sustained the loss without fraud on his part. These things were not done. But the evidence shows that when the claim was brought to the attention of the company it made no objection on account of the absence of the notice and preliminary proof, but went on and joined in proceedings for determining the amount of the loss by arbitration. These proceedings were required by the policy to be taken to determine the amount of the loss, "after proof thereof has been received in due form." They culminated in an award fixing the loss at a certain sum. The first we hear of an objection on ground of want of notice and preliminary proof is in the answer filed by the company in the action. And by this time the period for giving the notice and making the proof had certainly expired. We think that under these circumstances the formalities mentioned must be considered waived. By joining in the proceedings to fix the amount of the loss, the company manifested its intention to dispense with preliminary formalities. The assured had a right to rely upon this manifestation of intention. And to say that the company all along intended to require the notice and preliminary proof, and to take advantage of their absence after the time for giving them had expired, is to impute to it a want of good faith and fair dealing which we will not assume.

The counsel for appellant urges several reasons against this conclusion, viz: —

*a.* That those who acted for the company had no authority to waive any condition of the policy. But the

company does not repudiate the acts of those who acted for it in this regard. On the contrary, it adopts them, and shelters itself behind the award which was the result of such acts. It is plain that it cannot do this without accepting all the consequences of the acts.

*b.* It is said that the submission to arbitration provides that "this appointment is without reference to any question or matters of difference within the terms and conditions of the insurance, and is not to be taken as any waiver upon the part of said companies of the said conditions in their policies in case they elect to avail themselves of them." If this means the right to object on account of the absence of preliminary steps was to be reserved until after the time for taking them had expired, it certainly is a very crafty document. But we do not think such is its meaning. The proceedings for fixing the loss were, as we have seen, not to be commenced until *after* the preliminary steps had been taken. And the language of the submission is that the appointment is to be without reference to "any *other* question within the terms and conditions," etc.; and the proviso is that it "is not to be taken as any waiver of *said* conditions." We think that, taking all the circumstance into consideration, it is a fair construction to hold that the proviso as to waiver refers to the conditions other than the ones relating to the appointment of the arbitrators and those superseded or waived thereby. But however this may be, the language of the proviso relates only to the effect of the "appointment" of the arbitrators, and does not extend to subsequent proceedings. And by going on and completing the award and setting it up as a defense, the company waived the preliminary steps, under the principle first above laid down.

*c.* It is urged that the policy provides that "no condition, stipulation, covenant, or clause hereinbefore contained shall be altered, annulled, or waived . . . . except by writing indorsed hereon, or annexed thereto, by the

president or secretary, with their signatures affixed thereto." But this condition is of no more sanctity than any other conditions of the policy. Like any other provision for the benefit of the company, it could be waived; and we think that so far as the notice and certificate are concerned, it was waived by the submission to arbitration and the subsequent proceedings.

We are of opinion, therefore, that the defense founded upon the want of notice and certificate is of no validity.

2. The defendant set up the award of the arbitrators determining the amount of the loss; and we think that its position in this regard must be sustained. The policy provides that, "in case differences shall arise touching any loss or damage, after proof thereof has been received in due form, the matter may at the written request of either party be submitted to competent and disinterested appraisers, one to be appointed by the assured and one by the company, and these two shall select a third if necessary, whose award, by them or any two of them, in writing, *shall determine the amount of such loss or damage,* but not decide the question of the liability of this company under this policy," and that "no suit or action against this company for the recovery of any claim by virtue of this policy shall be sustainable in any court of law or chancery until an award shall have been obtained *fixing the amount of such claim* in manner hereinabove provided."

A similar provision was held to be valid, and to be a condition precedent to any right of action, in *Saucelito L. & D. D. Co.* v. *C. U. A. Co.*, 66 Cal. 253; and this case was approved and followed in *Adams* v. *South British Ins. Co.*, 70 Cal. 198. It is argued for the respondent that these cases are not in point, for the reason that the policies there considered contained express provisions that the determination of the arbitrators should be "binding on both parties." But we are unable to assent to this view. The provisions of the policy under consideration

seem to us to be substantially the same as those in the cases mentioned, and to be to the effect that the amount of the loss shall be first determined in the manner specified, and that the action must be for the amount as fixed. And it is no more open to the respondent, after submitting to the arbitration, to say that, as a matter of fact, no " differences " existed, than it would be for the appellant, if it had been dissatisfied with the award, to say that no " written " request for arbitration had been made.

The logical result of this view is that the award is a necessary element of the plaintiff's cause of action. In contemplation of law the promise is not to pay such damage as the insured should suffer, but to pay such sum as the arbitrators should fix as the amount of damage sustained. It follows that the action should have been for the amount of the award, and that the award should have been set forth in the complaint. (See Morse on Arbitration and Award, 95.) The allegation that " all the conditions of said policy of insurance were duly performed and kept by this plaintiff," is not equivalent to setting forth the award, because, as has been stated, the award is a necessary element of the cause of action, and it is not the action of plaintiff, but of third persons.

If a fair award was prevented by the fraudulent conduct of defendant, the complaint should have set forth the acts constituting the fraud.

But the complaint, although it set out the policy, thereby disclosing the provisions as to the award, made no mention of any award having been made, or of any reason why not. Hence it did not state a cause of action, and the demurrer should have been sustained. This not having been done, the defendant's objections to any evidence impeaching the award set up in the answer should have been allowed.

It would not help the plaintiff's case to show that by

·reason of any irregularity of the arbitrators, such as want of hearing, or the like, the award was void.  For, if the defendant could not be charged with participation therein, the result would simply be that the action was prematurely brought.

The document filed by plaintiff, styled "Answer to defendant's cross-complaint," must be ignored, because the defendant filed no cross-complaint.  The attempted pleading was, therefore, wholly unauthorized; but even if it could have any effect as an answer to a cross-complaint, it could not obviate the defects in the complaint, it being thoroughly well settled, that in order to support a judgment, the complaint must state a cause of action.

For these reasons, we advise that the judgment and order be reversed, with directions to sustain the demurrer to the complaint, with leave to plaintiff to amend.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are reversed, with direction to sustain the demurrer to the complaint, with leave to plaintiff to amend.