# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY.

## JUNE TERM, 1888.

50 453
56e 517

## THERESA WOLFF v. THE LIVERPOOL AND LONDON AND GLOBE INSURANCE COMPANY.

A stipulation in a policy of insurance making an appraisal of the amount of the loss or damage a prerequisite to a suit on the instrument, is legal.

On demurrer to pleas. The following plea was demurred to:

And for a further plea in this behalf the said defendant, by leave of the court here for this purpose had and obtained, according to the form of the statute in such case made and provided, says that the said plaintiff ought not to have and maintain her aforesaid action thereof against it because it says that the several supposed promises and undertakings in the said declaration mentioned were, and each and every of them was, made by the said defendant in a certain policy of insurance, a copy of which is hereto annexed, reference being thereunto had will more fully and at large appear; and because by said policy of insurance the said defendant agreed to

453

insure against loss or damage by fire (subject to the conditions and stipulations which constitute the basis of insurance) the property of the said Julius Wolff thereinafter described, to the amount thereinafter mentioned not exceeding upon any one article the sum specified on such article, viz., $3000, and that, among others of the said conditions and stipulations therein contained, it was provided as follows, that is to say: "When property is damaged the assured shall forthwith cause it to be put in order, assorting and arranging the various articles according to their kinds, separating the damaged from the undamaged, and shall cause an inventory to be made and furnished to the company of the whole, naming the quantity, quality and cost of each article. The amount of sound value and of loss or damage shall be determined by agreement between the company and the assured; but if at any time differences shall arise as to the amount of any loss or damage, or as to any question, matter or thing concerning or arising out of this insurance, every such difference shall, at the written request of either party, be submitted, at equal expense of the parties, to competent and impartial persons, one to be chosen by each party, and the two so chosen shall select an umpire to act with them in case of their disagreement; and the award, in writing, of any two of them shall be binding and conclusive as to the amount of such loss or damage, or as to any question, matter or thing so submitted, but shall not decide the liability of this company, and until such proofs, declarations and certificates are produced, and examinations and appraisals permitted, the loss shall not be payable. It is furthermore hereby expressly provided and mutually agreed, that no suit or action against this company for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained, fixing the amount of such claim in the manner above provided;" and the defendant, in fact, says that a difference arose between said Julius Wolff and the said plaintiff and this defendant as to the amount of the loss and damage occasioned by the fire mentioned in said declaration,

and before the commencement of this suit, to wit, on or about the twenty-third day of February, in the year eighteen hundred and eighty seven, this defendant, pursuant to the terms and conditions of said policy, did, in due time and form, in and by its written request to said Julius Wolff and to the said plaintiff (reference being thereunto had will appear), duly demand and require that such difference be submitted to competent and impartial persons for their award and determination ; and did choose and nominate one such competent and impartial person to act in the said matter, and did and perform all that was required and could be done by and in behalf of the defendant to procure and perfect such submission, award and determination ; and the said plaintiff did also nominate and appoint one such person, and that at the time of the commencement of this suit the award was not ready to be delivered and no award had been obtained, but the said arbitration was then pending and undetermined, whereof the said plaintiff had notice, and this the said defendant is ready to verify, wherefore it prays judgment if the plaintiff ought to have and maintain her aforesaid action thereof against it, &c.

Argued at February Term, 1888, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE and GARRISON.

For the demurrant, *Samuel Kalisch.*

For the defendant, *E. A. & W. T. Day.*

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The fundamental fact in the plea which has called out this demurrer, is that it was one of the terms of the contract of insurance that if any difference should arise as to the amount of the loss, such disagreement should be submitted, at the request of either party, to two impartial persons, such appraisers, in case of disagreement, to have power to select an umpire to act with them. The plea further avers that by the policy it was stipulated that the loss

should not be payable until such appraisal, and that, in the language of the instrument, "no suit or action against this company, for the recovery of any claim by virtue of this policy, shall be sustainable in any court of law or chancery until after an award shall have been obtained, fixing the amount of such claim in the manner above provided."

It is then further alleged that a difference, arising as to the amount of the loss, at the request of the company, two appraisers were selected by the parties, and that at the time of the bringing of the suit, such arbitration was pending and undetermined.

From these statements, we think it is manifest that this demurrer has no support in legal principles. The most elaborate argument advanced in its favor was that the agreement to refer was collateral to the promise to pay the loss, and a number of cases were referred to, showing that when such is the situation, the agreement for appraisal or arbitration does not constitute a condition precedent to the right of action. But the present case, plainly, stands outside of that class, for here the stipulation to refer, instead of being independent of the promise to pay the loss, is attended with the further stipulation, that until such appraisal, such payment shall not be due. Such a provision qualifies, and consequently incorporates itself with the general promise to pay the loss. It is clear, beyond all possibility of controversy, that the agreement between the assured and the company was, that if they could not agree on the amount of the loss, the sum recoverable should, if an arbitration were requested, be the amount found by the award. Such an agreement is both legal and reasonable, and it is not perceived that any authority exists which holds a contrary doctrine. There are, it is true, decisions to the effect, that a clause merely declaring that if the parties shall disagree as to the amount of the loss, such difference shall be arbitrated, does not create a condition precedent, but this is for the reason that it is not made such by the terms of the contract; but, in the present policy, the parties have stip-

ulated that the award upon the submission shall precede the right to sue.

The legal rule in this form is not open to discussion, as will clearly appear by a reference to the cases collected in any of the text books. *Wood on Fire Ins.*, § 431.

But, in the second place, it was urged, that this stipulation to refer relates not simply to the amount of loss or damage, but to the whole matter of the controversy growing out of the policy, and is therefore void, as it is an attempt to oust the courts of their jurisdiction.

This argument is founded in the fallacious assumption that the stipulation in question is so blended and interfused with the more general clause following it, as to render the two inseparable. This is the language of the provision, viz.: " But if at any time differences shall arise as to the amount of any loss or damage, or as to any question, matter or thing, concerning or arising out of this insurance, every such difference shall, at the request of either party, be submitted," &c.

From this citation it is plain that the former of the two stipulations, to refer the question of the amount of loss, is distinct and separable from the latter and more comprehensive provision, the consequence being that, although the latter would not be enforced, the former will be.

The defendant is entitled to judgment.