| 33 | 664 |
|----|-----|
| 36 | 543 |
| 33 | 664 |
| 40 | 206 |
| 40 | 284 |
| 33 | 664 |
| 45 | 54 |
| 33 | 664 |
| 51 | 464 |
| 53 | 102 |
| 33 | 664 |
| 55 | 156 |
| 33 | 664 |
| 58 | 231 |
| 33 | 664 |
| 62 | 275 |
| 62 | 526 |
| 33 | 664 |
| 63 | 681 |
| 33 | 664 |
| 70 | 87 |

O. H. GALE, Respondent, v. THE STATE INSURANCE COMPANY OF DES MOINES, IOWA, Appellant.

Kansas City Court of Appeals, February 4, 1889.

1. Insurance: PROOF OF LOSS: REQUIREMENTS OF POLICY CONSTRUED. The policy in suit provided notice within thirty days and proof of loss as to the amount of damage, certified to by a notary public or magistrate as soon as possible ; then follows a stipulation that if the parties cannot agree, that arbitration may settle the extent or amount of the loss, the evident intent of which is notice to the company within thirty days, then proofs by which the insured will have made his claim for the loss sustained, and if the insurer shall believe the claim exorbitant, the policy provides arbitration.

2. —— : ——— : WAIVER : RULE AS TO. And where within thirty days after the loss the defendant's adjuster appears and looks into the matter and enters into an arbitration with plaintiff to determine the amount of the loss as to the house, and having completed this, leaves with the promise to return in a few days and fix the loss to the household goods, this was sufficient of itself to warrant an ordinarily prudent man in the belief that no formal proofs of loss would be required ; and comes within the rule that when the insurer enters into an arbitration with the insured before notice or proofs of loss have been served, such submission is a waiver of such notice or proofs, and this, too, notwithstanding a provision in submission that the submission is not to be taken as a waiver on the part of the company of the terms and conditions of their policy in case they elect to avail themselves thereof.

3. —— : ——— : ———. And much more should the rule apply where, as in this case, the insurer shall plead the award in its answer as fixing the sum of its liability on the property destroyed.

4. —— : ——— : ———. Colonius v. Ins. Co., 3 Mo. App. 58, distinguished and approved, as announcing the doctrine which, as applied to this case, may be stated in this language : "If the insurance company so conducted itself as to cause this plaintiff Gale, while acting as an honest and reasonable man, to believe that the company would not require a formal proof of loss, so that, relying thereon and induced thereby, the plaintiff permitted the time to elapse within which such proof should have been made, then the company is precluded from insisting on such proofs after such time has passed."

Gale v. The State Ins. Co., Des Moines, Iowa.

5. —— : —— : —— : QUESTION FOR JURY. In all cases where the alleged waiver is founded upon the acts and conduct of the insurer, the question is for the jury whether compliance was waived.

6. —— : ——. An estoppel cannot be founded on matters occurring after forfeiture of the contract because of non-performance ; so the statement made by defendant's adjuster more than two months after the loss was made too late to effect a waiver.

7. **Appellate Practice.** The first point urged for reversal of this case will not be considered as it is not contained in the assignment of errors.

8. **Practice:** SPECIAL VERDICT : ERROR INVITED BY APPELLANT. Appellant cannot maintain an objection to the special verdict and findings of the jury, on the ground that the evidence gave no values on which to base them, as the court submitted such special issues to the jury at appellant's request.

*Appeal from the Livingston Circuit Court.*—HON. J. M. DAVIS, Judge.

AFFIRMED.

*Lewis A. Chapman,* for appellant.

(1) The petition does not state a cause of action. It is alleged in the petition that by the policy so much was insured on the dwelling-house and so much on the different classes of chattels mentioned in the policy. There is no allegation that the different classes of goods were worth so much. There is no allegation of what the goods were worth in classes. The goods might have been worth the amount of the policy in bulk, but the value might have all been in one class and greatly exceed the amount on that class. When the policy is specific as to the subject-matter and the amount for which it is insured, it cannot be extended to anything else. Wood on Insurance, p. 126, sec. 56. (2) The court committed error in refusing the instruction asked by defendant in nature of a demurrer to the evidence at the end of plaintiff's case. The plaintiff had not made out any case. Before he could recover he should have

shown a compliance with the requirements of the policy. There was no evidence that he furnished proofs of loss, properly certified by a notary public or other magistrate near the place of loss. Wood on Insurance, sec. 411, p. 691. (3) There was no waiver of proofs of loss by the defendant, nor any evidence on which to base instruction number two given for defendant. The arbitration certainly did not constitute waiver. The fact that the company sends an agent to examine the premises does not constitute waiver of proofs. Wood on Insurance, sec. 417, p. 725. The insurer, either through its officers or agents, must say or do that which fairly induces a belief that proofs of loss are not required. Wood on Ins. p. 724, sec. 417 ; *Ins. Co. v. Sennett,* 41 Penn. 161. In order to constitute waiver there must have been not only an adjustment but also a promise to pay it. Wood on Ins., sec. 424, p. 733 ; *Smith v. Ins. Co.,* 62 N. Y. 85. " The mere fixing of the amount of a loss under a policy, or an agreement that the loss amounts to a certain sum, is not of itself an admission on the part of the insurer that any liability exists against it upon the policy, but is a mere admission that a certain sum is due if any liability exists." 3 Mo. App. 56 ; Wood on Ins., sec. 424, p. 734. The burden of proving a loss from the cause and to an amount for which the insurers are liable is upon the assured, and notice to the company of the loss and proper proofs thereof in conformity with the requirements of the policy, or a legal excuse for not making them, is a condition precedent to the right of recovery. The assured takes the burden of proving the waiver of any condition of the policy, performance of which is a condition precedent to a recovery and which has not been performed. *Mitchell v. Home Ins. Co.,* 32 Iowa, 421 ; Wood on Ins., sec. 424, p. 734 ; *Commonwealth Ins. Co. v. Sennett,* 35 Md. 89 ; *Cory v. Boylston Ins. Co.* 107 Mass. 140. " To constitute a waiver there should be some official act or declaration by the company during

the currency of the time, dispensing with it, something from which the insured might reasonably infer that the underwriters did not mean to insist on it. This never occurs unless intended or where the act relied on ought in equity to estop the party from denying." Wood on Ins. sec. 428, p. 743. (4) The second instruction given by the court for plaintiff was erroneous. It was based on what conversation took place at the Leeper House in June. There was no refusal to pay then and the forfeiture had already occurred, and no point could be made on anything that took place in June. *Blossom v. Lycoming Ins. Co.*, 62 N. Y. 162; *Savage v. Howard Ins. Co.*, 61 N. Y. 162; *Underwood v. Farmers' Ins. Co.*, 57 N. Y. 500; Wood on Ins. p. 707, sec. 414.

*B. B. Gill* and *Frank Sheetz*, for respondent.

Appellant set up in his answer the arbitration on house, and asked an instruction to that effect. The question of waiver was then solely for the jury. Wood on Ins., sec. 417, p. 724; *Okey v. State Ins. Co.*, 29 Mo. App. 105, and cases cited. The submission to arbitration of loss was a waiver. Wood on Ins., sec. 432, p. 753; 1 Am. State Rep. 405; Wood on Ins., sec. 428, p. 744; *Ireland Ins. Co. v. Stauffer*, 3 Penn. St. 397; *Carroll v. Girard Fire Ins. Co.*, 13 Pac. Rep. 863; *Susquehanna Ins. Co. v. Statts*, 102 Pa. St. 529. "Nor is it necessary to prove an express agreement to waive. On the contrary, it may be inferred from the acts and conduct of the insurer inconsistent with an intention to insist upon the strict performance of the condition." *Rokes v. Amazon Ins. Co.*, 34 Am. Rep. 324. The adjuster, Leavitt, claimed that appellant was not liable, because plaintiff had not given his property to assessor for taxation at as high a value as it was insured for, and said nothing about requiring proofs of loss. This was clearly a waiver. *St. Louis Ins. Co. v. Kyle*, 11 Mo. 278; *Phillips v. Protection Ins. Co.*, 14 Mo. 220; *Sims v. State Ins. Co.*, 47 Mo. 54; *Penn Ins. Co. v.*

*Dougherty*, 102 Pa. St. 568 ; *McPike v. Western Assurance Co.*, 61 Miss. 37 ; *Grange Mill Co. v. Western Assurance Co.*, 118 Ill. 396 ; *Boyd v. Cedar Rapids Ins. Co.*, 70 Iowa, 325 ; *Butterworth v. Western Assurance Co.*, 132 Mass. 489 ; *Argoll v. Old North State Ins. Co.*, 84 N. C. 355 ; *Williams v. Hartford Ins. Co.*, 54 Cal. 442 ; *Ætna Ins. Co. v. Sparks*, 62 Ga. 187 ; *Loy v. Peabody Ins. Co.*, 10 W. Va. 560 ; *Mason v. Citizens' Fire Ins. Co.*, 10 W. Va. 572 ; *Eagan v. Ætna Fire Ins. Co.*, 10 W. Va. 583 ; *Bennett v. Maryland Ins. Co.*, 14 Blatchf. 422. This point is not well taken. Appellant had waived right to insist on proofs of loss in March and June, and that was final. *Okey v. State Ins. Co.*, 29 Mo. App. 105.

GILL, J.—This is an action on an insurance policy whereby the appellant agreed to indemnify the respondent for loss by fire on his dwelling and contents at Chillicothe, Missouri, to the extent of twenty-three hundred dollars. The loss occurred March 6, 1886. This suit was brought in the Livingston circuit court where respondent had judgment for $1,392.53 and this appeal is prosecuted by the insurance company.

I. The first point urged by appellant's counsel for reversal of this case will not be considered, as it is not contained in the assignment of errors.

The point suggested being that the circuit court committed error in overruling the demurrer to the petition. The writer of this opinion, however, would suggest that as the only objection seemingly relied on by defendant's counsel was a failure by plaintiff to set out in the account of losses with sufficient clearness the various items destroyed, with value, etc., the proper mode of curing this defect would have been to move the court below to require the allegations to be made more specific and certain.

II. The second matter complained of is, that the trial court committed error in refusing the instruction asked by defendant in the nature of a demurrer to the

evidence at conclusion of plaintiff's testimony. It is insisted that plaintiff was not entitled to recover on the case made by the evidence, in that there was no proof of loss nor waiver thereof shown.

For a clear understanding of this point it will be necessary to refer in brief to the requirements of the policy and the testimony at the trial bearing on this question.

. We quote from the policy the following : * * * " In case of loss the assured shall notify the company within thirty days from the time such loss may have occurred, and shall as soon as possible furnish said company with full and complete proofs of said loss and have the amount certified to by some notary public or other magistrate near the place of loss, not concerned in the loss or otherwise. It is also agreed that prior to the commencement of suit or action for loss under this policy, that in case the parties cannot agree to the amount, the matter shall, at the written request of either party, be submitted, at the mutual expense of the parties, to two impartial appraisers, one to be selected by each party ; and if they fail to agree they shall select a third and the award of any two, subscribed to in writing by them, shall be binding on the parties as to the amount of such loss."

The fire occurred, as already stated, March 6, 1886. It seems admitted that, by some means the insurance company was notified of the loss, and on or about March 29, 1886, C. F. Leavitt, the agent and adjuster, came to Chillicothe, and after looking over the ground, submitted a proposition to Gale, the insured, for arbitration, and they ( Leavitt for the company and Gale for himself ), on March 29, entered into the following written agreement for submission to arbitration :

" It is hereby agreed by O. H. Gale, claimant, of the one part, and the State Insurance Co. of Des Moines, Iowa, of the other part, that R. B. Williams and S. B. Park, together with a third person, to be chosen by them if necessary, shall appraise and estimate at the true

cash value the direct and immediate loss and damage by fire to the property belonging to said O. H. Gale, as specified below, which appraisement and estimate by them or any two of them, submitted in writing, shall be binding on both parties so far as regards such loss and damage ; it being understood that this appointment is without reference to any other questions or matters of difference within the terms and conditions of the insurance, and is not to be taken as any waiver on the part of the company of the terms and conditions of their policy in case they elect to avail themselves' thereof, and shall be binding on the parties hereto only as far as regards the actual cash value, loss and damage to the property, which was insured by policy No. 197,280 C. of the State Insurance Company, issued at their home agency, and submitted to the appointees for appraisement.

"The property on which loss and damage is to be estimated and appraised is the one-story frame building with shingle roof, situated in the southwest quarter of block No. 65 O. S., Chillicothe, county of Livingston, Mo., and it is expressly understood and agreed that said appraisers are to take into consideration the age, condition and location of said premises previous to the fire, and also the value of the walls, materials or any portion of said building saved, and, after making an estimate of the cost of replacing said building, a proper reduction shall be made for the difference, if any, between the value of the new or replaced building and the one insured, and in case the company shall be unable to reinstate or repair the building, because of any law to the contrary, it shall be liable to pay only such sum as would be required to reinstate or repair the building if the same could be lawfully rebuilt or repaired.

"Witness our hands at Chillicothe, Mo., this 29th day of March, 1886.

"O. H. GALE.

"STATE INSURANCE COMPANY, DES MOINES, IOWA,

"C. F. LEAVITT, Adjuster."

These appraisers, Williams •and Park, proceeded immediately, made oath that they would faithfully perform such duty as appraisers, examined the premises and made a report in writing fixing the value of the dwelling destroyed at $509.53.

On that day, March 29, after this appraisement of the house, Leavitt, the agent and adjuster, complained that he could not further proceed at that time, had important business elsewhere, would be back again shortly and fix the value of the household goods, etc., destroyed.

Gale testified that, "after the appraisement of the house was finished and before the arbitrators, Williams and Park, had left we began to look over a partial list of goods which I had made out. He (Leavitt) looked it over some and then said he must go away, but said he would be back soon and adjust the personal property loss." He further testified that he relied on Leavitt's statements, and, after waiting some time, requested the company's local agent at Chillicothe to write to the company urging a settlement of the matter. The arbitrators Williams and Park testified to practically the same statements by Leavitt, even going so far as to say that he, Leavitt, would return soon and "settle" as to the personal property, that he would return soon and "fix" the loss, etc.

Gale also testified that the reason he did not send in to the company proofs of loss within the time named in the policy was, that he relied on the promise of Leavitt, the adjusting agent, that he, Leavitt, would return in a few days and fix the losses and settle with the witness.

The evidence introduced by the plaintiff further showed that Gale did not see or hear anything of the insurance company till in the early part of June following, when it seems Gale made up a proof of loss which was sent on to the company, in response to which Leavitt

for the company wrote to Gale a very carefully-prepared letter refusing to accept the "alleged" proofs of loss and for various reasons, principal of which was that such proofs were not in time. About this time also (whether before or after making these proofs is not clear) Leavitt appeared at Chillicothe and in a talk with Gale denied the company's liability on the policy on the ground alone, as Gale testified, that he, Gale, had given in the value of the property to the assessor at a very much lower figure than then claimed of the insurance company.

Now the law is well settled that before plaintiff can recover under this policy, he must affirmatively show the proofs to have been made in time, as provided by the terms of the insurance contract, *or* he must establish a waiver of such condition by the insurance company. If, then, the evidence so introduced by the plaintiff tended to establish such waiver, then of course the demurrer to the evidence should have been, as it was, overruled. It is clear that the proofs were not furnished in time and the only question is was there a waiver by the company. We think plaintiff's evidence did tend very strongly to establish such waiver. " The waiver must be either express or must result from such acts and conduct on the part of the insurer as operate as an estoppel against the defense predicated upon the ground of a failure to comply with the condition on the part of the assured, and in all cases the question is for the jury whether compliance was waived." Wood on Fire Ins. 702, and authorities cited.

If something be said or done by the insurer by which the insured, acting as a reasonably prudent man, is induced to believe that the condition is waived, or that strict compliance will not be insisted on, then the insurer is estopped from claiming non-performance of the condition, but an estoppel cannot be founded on matters occurring *after* forfeiture of the contract because of non-performance. *Underwood v. Ins. Co.*, 57 N. Y. 500 ; *Beatty v. Ins. Co.*, 66 Pa. St. 9 ; *McPike v. Ins. Co.*, 61

Wis. 43. So that the statement made by Leavitt in June ( more than two months after the loss ) was made too late to effect an estoppel. However, there was ample evidence upon which the jury might have found a waiver of proofs of loss. The policy provided notice within thirty days and proof of loss as to the amount of the damage, certified to by a notary or magistrate as soon as possible, and then follows a stipulation that if the parties cannot agree, that arbitration may settle the extent or amount of the loss.

The evident intent was notice to the company within thirty days, proofs of loss, and then, after such notice and proofs by which the insured will have made his claim for the loss sustained and if the insurer shall believe the claim exorbitant, the policy provides an arbitration. The insurer here did not wait for proofs of loss, but sent its agent and adjuster within the thirty days to the place of loss, and he engaged then and there with the insured in an arbitration, whereby the amount of the loss as to the house should be determined, and, completing this, left with a promise to return in a few days and fix the loss to the household goods, etc., and, as two witnesses say, to " settle " the matter.

This was sufficient of itself to warrant an ordinarily prudent man in the belief that no formal proofs of loss would be required. When the insurer or its agent enters into an arbitration with the insured, before notice of proofs of loss have been served, the rule is that such submission is a waiver of notice or proofs of loss. Wood on Insurance, p. 733, sec. 432 ; *Carroll v. Ins. Co.*, 13 Pac. Rep. 863. If the ordinary submission to settle the amount shall be regarded as waiver of proofs of loss, how much more should the rule apply where, as in this case, the insurer shall plead the award in his answer as fixing the sum of its liability on the property destroyed.

A case quite parallel to this was lately decided by the supreme court of California and its reasoning is so

apt that we quote from its opinion.  * * *  " The evidence shows that when the claim was brought to the attention of the company it made no objection on account of the absence of the preliminary proofs, but went on and joined in proceedings for the determination of the amount of the loss by arbitration.     These proceedings were required by the policy to be taken to determine the amount of the loss after proof thereof had been received in due form.   The first we hear of an objection on ground of want of preliminary proofs is in the answer filed by the company in the action, and by this time the period for making proofs had certainly expired.   We think that under these circumstances the formalities mentioned must be considered waived.   By joining in the proceedings to fix the amount of the loss the company manifested its intention to dispense with preliminary formalities.    The assured had a right to rely upon this manifestation of intention.   And to say that the company all along intended to require the preliminary proofs, and to take advantage of their absence after the time for giving them had expired, is to impute to it a want of good faith and fair dealing which we will not assume."  The court there, too, considered a provision in the submission articles similar to the one here, to-wit, that " the submission is not to be taken as any waiver on the part of the company of the terms and conditions of their policy in case they elect to avail themselves thereof," etc., and we adopt the language of the California court and reply,  " If this means the right to object on account of the absence of preliminary steps was to be reserved until after the time for taking them had expired, it certainly is a very crafty document." *Carroll v. Ins. Co.*, 13 Pac. Rep. 863.

It may be said here, too, as was held in the case *supra*, that whatever may be the effect of the *appointment* of arbitrators, that by going on under the submission, completing an award and setting the same up as a defense, the company waived the preliminary steps, and

it may well be claimed that such a stipulation as that the submission shall not be considered a waiver of the terms and conditions of the policy has no reference to these preliminary proofs. All required by the terms of this policy is, "shall furnish said company with full and complete proof of said loss and have the amount thereof certified to by some notary public or other magistrate near the place of loss." The requirement of this clause of the policy is met by merely relating the loss and amount which is to be certified to by the officer, giving nature of property destroyed, value, etc. Now the company by its agent did not wait for these formal proofs, but acquired knowledge of the loss and property destroyed by visiting the ruins, seeking to agree with the insured as to the extent of the damage, and failing therein, submitted the matter of the value of the dwelling to the arbitrament of Williams and Park, procuring their award, promising to continue in a few days the fixing of values of the other property destroyed and to "settle" with the insured, there dropped the matter until too late for the insured to comply with the requirement to furnish proofs and then seeks to defend the action on ground of absence of such proofs and to ignore its action of submission to arbitration and promise of settlement, and *yet* pleads the award of the appraisers as conclusive as to the value of the dwelling. The insurance company cannot be permitted thus to hold to both horns of the dilemma. It cannot be allowed to invoke the arbitration to its advantage and at the same time repudiate its legal effect in other respects.

As holding a different doctrine than as above contended for, the defendant's counsel cites the case of *Colonius v. Ins. Co.*, 3 Mo. App. 56, decided by the St. Louis court of appeals. The syllabus of the reporter in that case is broader than the opinion of the court. That was a suit on a policy. Plaintiff alleged and proved that after the fire the loss was adjusted by and

between the plaintiff and defendant and agreed to be a sum certain. To defeat the action, the answer alleged violation of two conditions of the policy, one that the premises should not be and remain unoccupied during the life of the policy, and the other that in case of loss affidavits should be made by the insured concerning certain matters and if there appeared any fraud or false swearing therein the insured should forfeit all claims under the policy. In the trial of the action the defendant sought to show that the house was unoccupied and that in the affidavits regarding the loss the plaintiff was guilty of false swearing. The trial court rejected this proffered testimony. On appeal the St. Louis court of appeals held this ruling to be error. There was no waiver or estoppel the court decided, since the plaintiff did not forego any action or in any manner change his relation to his claim by reason of the alleged acts of the company. The court, however, in the case under review, furnishes us here with a very happy announcement of the principle we are contending for, "where one by his word or conduct wilfully causes another to believe the existence of a certain state of things and induces him to act on that belief, so as to alter his own previous condition, the former is concluded from averring against the latter a different state of things." Or, as we put it, as applied to this case, if the insurance company so conducted itself as to cause this plaintiff Gale, while acting as an honest and reasonable man, to believe that the company would not require a formal proof of loss, so that, relying thereon and induced thereby, the plaintiff permitted the time to elapse within which such proofs should have been made, then the company is precluded from insisting on such proofs after such time has passed.

We feel that from a review of the law of the case and of the testimony offered, not only that the demurrer to the plaintiff's evidence was properly overruled, but

that the instructions placed the issues fairly before the jury.

Defendant's counsel further objects to the character of the verdict and finding of the jury. He insists that "the evidence gave no values upon which the jury could base its special verdict and findings. If so, why did the defendant request the court to submit special issues to the jury? Surely it cannot be permitted to present special issues to a jury and then object for the reason that there was no evidence upon which the jury could make any such findings.

The appellant cannot be heard to allege that as error of the trial court which it invited the court to commit. *Loomis v. Railroad*, 17 Mo. App. 353.

There are no errors justifying a reversal and the judgment of the circuit court should be affirmed. The other judges concur.