WESTERN ASSUR. CO. OF TORONTO, CANADA, v. DECKER.

(Circuit Court of Appeals, Eighth Circuit. November 27, 1899.)

No. 1,209.

INSURANCE—CONSTRUCTION OF POLICY—PROVISION FOR APPRAISEMENT OF LOSS.
    Under an insurance policy providing that in case of loss, and a disagreement as to the amount thereof, each party shall appoint an appraiser, and the two shall select an umpire, and appraise the loss, and that no action shall be maintained on the policy until after the insured shall have fully complied with such provision, the insured discharges his obligation in that regard when he appoints an appraiser in good faith; and where the appraisement falls through without his fault he is not required to propose the selection of other appraisers, but may resort to the courts to have his damages assessed.
    Sanborn, Circuit Judge, dissenting.

In Error to the Circuit Court of the United States for the District of Nebraska.

W. W. Morsman, for plaintiff in error.

J. H. Broady, for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. This was an action on a policy of fire insurance which contained the following provisions:

"Said ascertainment or estimate [of loss] shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided. In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first select a competent and disinterested umpire. The appraisers then, together, shall estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire; and the award in writing of any two shall determine the amount of such loss. The

parties thereto shall pay the appraisers respectively selected by them, and shall bear equally the expenses of the appraisal and umpire. No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 12 months next after the fire."

A special verdict of the jury found that there was a loss under the policy, and that the company and the insured were unable to agree on the amount of the loss, and that they each, acting in good faith, selected an appraiser as provided for in the policy. These appraisers, each acting in good faith, were unable to agree upon an umpire and were likewise unable to agree upon the amount of the loss, and finally abandoned all effort to agree on either. After it was definitely ascertained that the appraisers had abandoned all effort to agree, and would do nothing further in the premises, the company did not appoint another appraiser, or request the insured to do so, and the insured brought this suit on the policy, and recovered judgment, and the company sued out this writ of error.

The contention of the company is that, when the arbitrators failed to agree, it was the duty of the insured to propose a new selection of arbitrators, and that, not having done so, and not having appointed an arbitrator the second time, he cannot maintain this action. The terms of the policy are satisfied when the insured, acting in good faith, appoints an appraiser. If the appraisement falls through by disagreement of the appraisers without any fault of the insured, he has discharged his covenant, and satisfied the requirements of the policy, and may then resort to the courts to have his damages assessed. "If the appraisement failed without the fault of the insured, the failure would not be any impediment to their right of recovery if they could maintain their suit on other grounds." Insurance Co. v. Traub (Md.) 35 Atl. 13, 16. And the supreme court of North Carolina, in Pretzfelder v. Insurance Co., 21 S. E. 302, say "that, where the arbitrators, or a majority of them, failed to agree upon an award, the plaintiff (unless he is shown to have acted in bad faith in selecting his arbitrator) is not compelled to submit to another arbitration and another delay, but may forthwith bring his action in the courts." One of the fundamental and essential constitutional rights of the citizen is the right to appeal to a court of justice for a redress of his grievances. One of the chief ends of government is to secure this right to the citizen. While some of the courts hold that the citizen may, by contract, bargain away this right, the agreement to do so will not be extended by construction or implication. Even if a second appointment of arbitrators was required by the terms of the policy, there is nothing in the policy, as contended by the defendant in error, which imposes on the insured the obligation to be the first to propose another selection of arbitrators and appoint a second arbitrator. The terms of the policy relating to the appointment of appraisers are that the loss shall "be ascertained by two competent and disinterested appraisers; the insured and this company each selecting one." There is not a line or a word in the policy making it the duty of the insured any more than of the company to demand an appraisement and appoint an appraiser. The policy in suit in

the case of Kahnweiler v. Insurance Co., 14 C. C. A. 485, 67 Fed. 483, 32 U. S. App. 230, provided that, if the company and the assured were unable to agree upon the amount of the loss, "the same shall then be submitted to competent and impartial arbitrators, one to be selected by each party." In that case, as in this, the company contended that it was the duty of the insured to take the initiative, and demand an arbitration, and appoint an arbitrator. That case was exhaustively argued by able counsel, and, after a full considera-tion of the adjudged cases, this court said:

"Each party is entitled to demand a reference, but neither can compel it, and neither has the right to insist that the other shall first demand it, and shall forfeit any right by not doing so. If the company demands it, and the in-sured refuses to arbitrate, his right of action is suspended until he consents to an arbitration; and if the insured demands an arbitration, and the company refuses to accede to the demand, the insured may maintain a suit on the pol-icy, notwithstanding the language of the twelfth section of the policy; and, where neither party demands an arbitration, both parties thereby waive it. The clause is to be construed the same as if it read, 'Upon the request of either party.' These words, or their equivalent, are commonly found in similar clauses in policies of fire insurance, and they are necessarily and plainly im-plied in this policy."

The judgment of the circuit court is affirmed.

SANBORN, Circuit Judge (dissenting). The contract of appraise-ment in this case is not an agreement to arbitrate all the rights of the parties, but the simple provision, usual in policies of fire insur-ance, that any difference arising between the parties as to the amount of loss or damage to the property insured shall be submitted to the appraisal of competent and impartial persons, to be chosen as therein provided, whose award shall be conclusive as to the amount of loss or damage only, and shall not determine the question of the liability of the company; and that, until 60 days after such an appraisal is made and such an award is obtained, the loss shall not be payable, and no action upon it shall lie against the company. Such an agreement presents no question of ousting the jurisdiction of the courts. It simply provides a convenient and reasonable method of ascertaining the amount of loss or damage without ex-pense to the government or resort to the courts. It is a valid, legal contract, and it makes the appraisal and award a condition precedent to the payment of any loss, and to the maintenance of any action. Hamilton v. Insurance Co., 136 U. S. 242, 255, 10 Sup. Ct. 945, 34 L. Ed. 419; Scott v. Avery, 5 H. L. Cas. 811, 823, 855; Gasser v. Sun Fire Office, 42 Minn. 315, 319, 44 N. W. 252; Levine v. Insurance Co. (Minn.) 68 N. W. 855, 860; Chippewa Lumber Co. v. Phœnix Ins. Co., 80 Mich. 116, 44 N. W. 1055; Zalesky v. Insurance Co., 102 Iowa, 613, 619, 71 N. W. 566, and cases there cited. There are two forms of this stipulation for appraisal,—one in which it is provided that there shall be an appraisement "upon the written request of either party," and under this form, if neither party seasonably demands an appraisal, both parties waive it, and an action can be maintained without it; and another, which provides, as in the case at bar, that in every case of disagreement as to the amount of loss or damage an appraisement and award must be made before any liability matures

and before any action can be maintained, and under this form of contract the appraisal and award is a condition precedent without any request from either party; the burden is on the insured to procure the award, and, until he either does so, or makes every reasonable endeavor to do so, nothing is due him under the policy, and he can maintain no action. This marked difference between policies in which the appraisal is to be made "upon the written request of either party" and those in which it is agreed that the appraisal must be made before any insurance will become due and before any action can be maintained seems plain upon its face, and it is well sustained and illustrated by the adjudications. Thus, in Nurney v. Insurance Co., 63 Mich. 633, 30 N. W. 350, the appraisal was to be made "upon the written request of either party," and the supreme court of Michigan held that the request was optional with either party, and that, as neither party made it, an action could be maintained without an appraisal. But in Chippewa Lumber Co. v. Phœnix Ins. Co., 80 Mich. 116, 44 N. W. 1055–1057, the stipulation for an appraisement omitted the words, "upon written request of either party," and simply made an appraisement a condition precedent to the maturity of the liability and to the maintenance of an action as in the case at bar. Neither party demanded an appraisement, and the supreme court of Michigan held that the burden was on the insured to procure the appraisal, and said:

"The policy in the present case provides that the amount of loss or damage shall be submitted to arbitration. The right to arbitrate is not made conditional upon the written request of either party."

In Adams v. Insurance Co., 70 Cal. 198, 201, 11 Pac. 627, the facts were the same. Neither party had requested an appraisal, and the supreme court of California held that no suit could be maintained.

In Thorndike v. Association (Mass.) 16 N. E. 747, 748, no appraisal, or request for an appraisal, had been made under a stipulation that whichever party used a wall should pay to the party who built it the market value of the part used, "such market value, at the time of such use, to be ascertained by the appraisal of two or more competent builders." The supreme court of Massachusetts held that no action could be maintained until an appraisement was procured, or wrongfully prevented by the lessor. It said:

"Until an appraisement by builders, or until something done by the defendant to prevent or to avoid it, the defendant was in no such default as to entitle the plaintiff to maintain an action upon the agreement. The contract did not make it the duty of the defendant to go forward, and appoint appraisers of its own motion, independently of the plaintiff's concurrence, and without any request to that effect from him."

I am aware that this view is not in accord with that expressed in Kahnweiler v. Insurance Co., cited in the opinion of the majority, but it seems to be reasonable, and to be well sustained by authority.

The exact question in this case, however, is whether an insured, who has done nothing under an absolute stipulation that an appraisement shall constitute a condition precedent to an action except to appoint an appraiser at the request of the insurer, can recover on the policy without an appraisal or award simply because

the two appraisers have failed to agree on an umpire. In Hamilton v. Insurance Co., 136 U. S. 242, 255, 10 Sup. Ct. 945, 34 L. Ed. 419, Mr. Justice Gray, in delivering the opinion of the supreme court, declared this to be the rule which should govern this and all like cases:

"Where the parties, in their contract, fix on a certain mode by which the amount to be paid shall be ascertained, as in the present case, the party that seeks an enforcement of the agreement must show that he has done everything on his part which could be done to carry it into effect. He cannot compel the payment of the amount claimed, unless he shall procure the kind of evidence required by the contract, or show that by time or accident he is unable to do so. U. S. v. Robeson, 9 Pet. 319, 327, 9 L. Ed. 142."

The contract in this case made an appraisal and award a condition precedent to the maturity of the liability of the insurance company and to the maintenance of this action. It cast the burden of procuring this appraisal upon the actor,—the insured,—because the company was not required to act or to pay until this appraisal was procured, and the insured had the option to procure it, or attempt to procure it, and to press his claim or to abandon it. Under the rule of the supreme court just cited, the insured was required to procure the appraisal and award, or to "show that he has done everything on his part which could be done" to obtain them, before he could maintain his action. In my opinion, the mere appointment of an appraiser who could not or would not agree with his associate upon an umpire, and whose disagreement necessarily prevented the appraisal and award, fell far short of a compliance with this rule. The insured might have revoked his appointment, and have appointed another appraiser. He might have caused his appraiser to propose a number of unexceptionable men as umpires, and to request the appraiser of the company to choose from them. He might have caused his appraiser to request his associate to propose such men, and permit him to choose. He might have requested the insurer to agree with him upon other appraisers. These are but the ordinary means to choose an umpire which would occur at once to every one who really sought to secure a choice, and I am unable to believe that, without resorting to any of them, or taking any action to procure the appraisal other than the appointment of an inactive appraiser, the insured has done all that he could do to bring about the appraisal and award. This view is not without the support of authority. May, Ins. § 496b; Altman v. Altman, 5 Daly, 436, 438, 439; Davenport v. Insurance Co., 10 Daly, 535, 539; Wolff v. Insurance Co., 50 N. J. Law, 453, 14 Atl. 561, 562; Carroll v. Insurance Co., 72 Cal. 297, 302, 13 Pac. 863; Hood v. Hartshorn, 100 Mass. 117, 121; Levine v. Insurance Co. (Minn.) 68 N. W. 855, 860. May, in his work on Insurance, in section 496b, says:

"If the contract provides for arbitration, and the appraisers severally appointed by the company and the insured fail to agree on a third, this does not justify suit. The insured should propose a new selection of appraisers."

In Altman v. Altman, 5 Daly, 436, 439, arbitrators had been appointed, and failed to agree upon a third, under a stipulation for an appraisement, and Chief Justice Daly delivered the unanimous opin-

ion of the court, in which he announced the rule affirmed by the supreme court in Hamilton v. Insurance Co., supra. He said:

"It does not follow that, because two arbitrators selected could not agree upon a third, that an arbitration was impossible. If they could not agree, it was for the plaintiff, before resorting to this action, to propose to the defendant the selection of two others in place of those who could not agree upon a third. * * * The arbitration and award is a condition precedent to the plaintiff's right of action, and he cannot maintain it unless he shows that he has done all in his power, and that it is on his part impossible to carry the arbitration into effect."

In Davenport v. Insurance Co., 10 Daly, 535, 539, the contract was the same in effect as that in the case in hand. Two appraisers had been appointed, they had failed to agree upon a third, and the insured had then brought his action. The court held that it could not be maintained, and dismissed it. In the opinion, which was without dissent, the chief justice said:

"In the present case I do not think that the plaintiff has complied with the rule above referred to, which requires him to do everything in his power to have the agreement carried into effect, and the damage ascertained in the mode provided for in the contract. Having been notified by the appraiser selected by him of the failure of the two selected to agree upon a third as an umpire, it was his duty at least to propose to the defendants that they should select new appraisers, that the condition precedent might, in good faith, be complied with."

In Wolff v. Insurance Co., 50 N. J. Law, 453, 14 Atl. 561, 562, the fact that two appraisers had been appointed under a stipulation of the policy similar to that under consideration, but had gone no further, and made no award, was held to be fatal to the action.

In Carroll v. Insurance Co., 72 Cal. 297, 302, 13 Pac. 863, the supreme court of California held that a complaint on a policy containing a stipulation for an appraisal stated no cause of action, because it neither pleaded an award nor the fact that a fair award had been prevented by the fraudulent conduct of the insurer.

In Hood v. Hartshorn, 100 Mass. 117, 121, a case in which three arbitrators had been appointed, but had failed to agree, under a stipulation in a lease to the effect that the lessee should receive from the lessor the amount found by them to be the value of his improvements, the supreme judicial court of Massachusetts said:

"In the present case no appraisers are named, but each party is to act in their selection. If, then, one set of appraisers fail to agree, or if they act in such a manner as to render them obviously unfit to decide the matter, another appointment should be made; and a fair interpretation of the contract requires the lessee to use all reasonable efforts in his power in order to obtain suitable appraisers who will agree. He must continue to act till he puts the lessor in the wrong, or else makes it manifest that no suitable persons can be obtained to do the service within a reasonable time, which can hardly be supposed."

In Levine v. Insurance Co., 68 N. W. 855, 860, Judge Mitchell, delivering the opinion of the supreme court of Minnesota, and speaking of the contract for an appraisement, under consideration here, said:

"The law also, undoubtedly, is that under such a provision, if an award is set aside for misconduct of the arbitrators, not participated in or caused by the insurer, the agreement for an appraisement still remains in force, and

a new appraisement, unless it has become impossible, would still be a condition precedent to a right of action on the policy unless waived. Hiscock v. Harris, 80 N. Y. 402; Carroll v. Insurance Co., 72 Cal. 297, 13 Pac. 863; Hood v. Hartshorn, 100 Mass. 117; Thorndike v. Association (Mass.) 16 N. E. 747; Davenport v. Insurance Co., 10 Daly, 535."

If the misfeasance of the arbitrators which is not caused by the insurer leaves the appraisement still a condition precedent to the maintenance of an action, why does not their nonfeasance?

These authorities and the reason of the case have convinced me that this action cannot be maintained without a violation of the express contract of the parties, and that the judgment below should be reversed: (1) Because the appraisement was a condition precedent to the action, the burden was on the insured to procure it, and he neither did so, nor made any active, earnest effort to do so; and (2) because the failure of the appraisement was not caused by any fault or default of the insurer, and hence there was no cause of action against it on that account, and there was none on the policy, because the insured had not procured the appraisement, and had not been prevented from procuring it by any fraud or misconduct of the company.