C. M. HERNDON et al. v. THE LANCASHIRE INSURANCE CO.

*Removal of Causes to United States Courts—Citizenship—Resi-
dence—Jurisdiction.*

1. In order that the jurisdiction of the United States Circuit Court may
   attach to an action pending in a State Court, if the jurisdiction
   depends on the diverse citizenship of the parties, it must affirma-
   tively and distinctly appear from the record or petition that the
   plaintiff and defendant therein were citizens respectively of differ-
   ent States at the time the action was commenced, as well as at
   the time application for removal was made.

2. Diverse citizenship will not be inferred from the fact stated that the
   parties were *residents* of different States.

3. Residence does not imply citizenship for the purpose of giving such
   jurisdiction.

This was a Motion to remove the cause to the United
States Circuit Court, heard by *Graves, J.*, at the October
Term, 1889, of DURHAM Superior Court.

In this action, at the appearance term, the plaintiff filed
his complaint, and the following is a copy of the first para-
graph thereof:

"The plaintiffs, complaining of the defendant, allege—

"1. That C. M. Herndon is a resident of the State of North
Carolina, and of Durham County; that G. W. S. Loucks,
W. H. Wheeler and P. H. Glatfeller are residents of the
State of Pennsylvania, and that defendant is a corporation
duly organized, and doing business in said State of North
Carolina, and was such corporation, engaged in said business
at the time hereinafter mentioned, said corporation having
been formed, as plaintiffs believe, under the laws of Connec-
ticut, but having complied with the laws of North Carolina
governing fire insurance companies."

At the same term the defendant filed its petition, whereof
the following is a copy:

"The defendant respectfully showeth to the Court—

"That the plaintiff C. M. Herndon is a citizen, resident of the county of Durham, State of North Carolina, in the Western District of North Carolina of the Circuit Court of the United States; that his co-plaintiffs, G. W. S. Loucks and W. H. Wheeler, trading as Loucks & Wheeler, and as York Manufacturing Company, and P. H. Glatfeller, are residents and citizens of the State of Pennsylvania; that the defendant is a corporation organized and existing under the laws of the State of Connecticut, and is a citizen and resident of said State, and not a citizen or resident of the State of North Carolina; that plaintiff had issued from the Superior Court of Durham County, in the State of North Carolina, a summons, citing the defendant to appear in said Court on the sixth Monday after the first Monday in September, 1889, it being on the 14th day of October, 1889; that plaintiffs have filed their complaint, setting forth a cause of action against the defendant upon a policy of insurance against loss by fire issued to the plaintiff C. M. Herndon and one R. H. Atwater, as partners, and subsequently assigned to the plaintiff C. M. Herndon, upon which policy, the property therein insured alleged to be destroyed by fire, the plaintiffs sue to recover in said State Court of the defendant, in the sum of two thousand and five hundred dollars, principal money, exclusive of interest and costs.

"Wherefore, defendant petitions and prays that said cause be removed to the Circuit Court of the United States for the Western District of North Carolina, according to law."

This petition signed by counsel and sworn by petitioner's agent.

The Court denied the motion for an order of removal, and the defendant, having excepted, appealed to this Court.

*Mr. W. W. Fuller*, for plaintiff.
*Messrs. J. W. Hinsdale* (by brief) and *J. S. Manning*, for defendant.

MERRIMON, C. J.—after stating the facts: It is settled, by many authoritative adjudications, that a civil action pending in a State Court as to which the jurisdiction of the Circuit Court of the United States cannot arise or attach, unless the parties plaintiff and defendant therein, respectively, are citizens of different States, is not removable into such Circuit Court unless such diverse citizenship shall distinctly appear to have existed at the time when the action began, as well as when the removal was applied for, and it must appear affirma-' tively, from positive averments in the petition for removal, or likewise affirmatively, and with equal distinctness, in the record, or it may appear from what appears in the petition and the record taken together. *Gibson* v. *Bruce,* 108 U. S. R., 561; *Grove* v. *Insurance Co.,* 109 U. S. R., 278; *Railway* v. *Snow,* 111 U. S. R., 379; *Steamship Co.* v. *Tugman,* 106 U. S. R., 118; *Akers* v. *Akers,* 117 U. S. R., 197; *Hancock* v. *Holbrook,* 112 U. S. R., 229; *Stevens* v. *Nichols,* 130 U. S. R., 230; *Cuhose* v. *Railroad,* 131 U. S. R., 240; *Jackson* v. *Allen,* 132 U. S. R , 27; *Blackwell* v. *Moorman,* decided at the present term of this Court.

It does not appear, from the petition, that the diverse citizenship of the parties therein alleged existed at the time the action began—it is simply alleged as existing at the time the petition was filed. This is not sufficient. *Stevens* v. *Nichols, supra; Blackwell* v. *Moorman, supra.* Nor does such diverse citizenship appear from the record. It is alleged in the complaint, simply, that the plaintiffs are *residents* of the States mentioned. But this does not imply that they are *citizens* of those States, and *citizenship* thereof must be alleged, or appear in some way sufficiently. The petition alleges citizenship at the time the petition was filed. But it may be that the parties acquired such citizenship after the action began, and with the view to raise the jurisdiction of the Circuit Court. Nor can the positive affirmative allegation of citizenship in the petition for removal help or enlarge the

107—13

allegation of mere residence in the complaint, because residence does not imply citizenship for the purpose of giving such jurisdiction. Moreover, the allegation of the residence of the parties in the complaint was not necessary in the pleading in the State Court, nor was it intended to thereby allege citizenship—it was merely descriptive of the parties, and intended to identify them—it might have been omitted altogether. It cannot be inferred that the purpose was to allege citizenship, and not mere residence. *Parker* v. *Overman*, 18 Howard (U. S.), 137; *Robertson* v. *Cease*, 97 U. S. R., 646; *Grose* v. *Central Insurance Co.*, 109 U. S. R., 278.

Inasmuch as it did not appear from the petition for removal of the action, nor from the record of the latter, that the diverse citizenship of the parties necessary to give the Circuit Court of the United States jurisdiction thereof existed at the time the action began, the Court properly denied the petitioner's motion

There is no error.                                        Affirmed.