F. E. ZALESKY v. THE HOME INSURANCE COMPANY, Appellant.

Practice: CONDITION PRECEDENT TO SUIT ON POLICY: *Appraisement.*
4 In the absence of a statute to the contrary, clauses in an insurance
6 policy providing for an appraisement before suit is brought must
be complied with by the assured before he can commence suit on
the policy; and suit before so complying is premature.

SUPPLEMENTAL PETITION. Code, section 2731, providing that plain-
3 tiff may make a supplemental petition alleging facts which have
happened or come to his knowledge since the filing of his petition,
8 does not authorize the plaintiff to plead and prove a demand for an
appraisal, required by the policy of insurance, sued upon, after
the action was commenced.

CONTINUANCES. It is error to grant a continuance to permit plaintiff
9 to demand an appraisement which could in no event avail him.

Insurance: APPRAISEMENT. The demand for an appraisement, and a
1 request of the insured by the insurer to designate an appraiser and
2 fix a date for the appraisement, which is refused, is a compliance
7 by the insurer with an agreement that, in case of disagreement,

each party shall select an appraiser, and the two chosen shall select
a third, and that the appraisers shall then estimate the loss.

**Appeal:** RULING ON DEMURRER.  In a suit on a fire insurance policy
defendant set up by answer a demand for an appraisement, and
refusal, to which plaintiff demurred, and demurrer was overruled,
from which no appeal was taken, and the question was not after-
wards raised on the trial. *Held,* that the overruling of the
demurrer, not being appealed from, was an adjudication that the
facts stated by the defendant's answer were sufficient to constitute
a defense, and whether a statutory provision would render such
facts pleaded in answer insufficient as a defense cannot be deter-
mined on appeal.

*Appeal from Benton District Court.*—HON. GEORGE W.
BURNHAM, Judge.

MONDAY, MAY 31, 1897.

THIS is an action against the defendant upon a
policy of insurance to recover for the loss of a building
in the city of Belle Plaine, Iowa.  The facts, so far as
material to the questions presented on this appeal, will
be found in the opinion.  The cause was tried to the
court and a jury, and a verdict rendered for the plaintiff
under the direction of the court, upon which judgment
was entered, and the defendant appeals.—*Reversed.*

*McVey & McVey* for appellant.

*W. S. Scrimegeour* and *J. J. Mosnat* for appellee.

KINNE, C. J.—I.  The policy sued upon contains
the following provisions: "This company shall not be
liable beyond the actual cash value of the property at
the time any loss or damage occurs, and the loss or
damage shall be ascertained or estimated according to
such actual cash value, with proper deductions for
depreciations, however caused, and shall in no event
exceed what it would then cost the insured to repair or
replace the same with material of like kind and quality.
\* \* \* Said ascertainment or estimate shall be made
by the insured and this company, or, if they differ, then
by appraisers as hereinafter provided, and, the amount

of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy shall be payable sixty days after due notice, ascertainment, estimate, and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy. It shall be optional, however, with this company, to take all, or any part, of the articles at such ascertained or appraised value, and also to repair, rebuild, or replace the property lost or damaged with other of like kind and quality, within reasonable time, on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do.  *  *  *  In the event of disagreement as to the amount of loss, the same shall, as above provided, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one, and the two so chosen shall first elect a competent and disinterested umpire. The appraisers together shall then estimate and appraise the loss, stating separately sound value and damage, and, failing to agree, shall submit their differences to the umpire, and the award in writing of any two shall determine the amount of loss. The parties thereto shall pay the appraiser respectively selected by them, and shall bear equally the expense of the appraisal and umpire.  *  *  * This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for; and the loss shall not become payable until after the notice, ascertainment, estimate, and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required.  *  .*  * No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the

foregoing requirements, nor unless commenced within twelve months next after the fire."

The answer avers that the parties could not agree upon the amount or extent of the damage, and that the defendant in writing demanded of the plaintiff that an appraisal be made of the amount of the loss on or before September 27, 1894, and that plaintiff refused to accede thereto; that the submission to an appraisal for the purpose of ascertaining the amount of the loss and damage is a condition precedent to the right to maintain an action, and that the loss is not payable until after an award by the appraisers has been made; that such appraisement and award has not been made on account of the fault of plaintiff. To this part of the answer the plaintiff demurred, on the ground that the allegations of the answer constituted no defense to the action, "because the provisions and requirements there set out for an appraisement are null and void, and contrary to the laws of this state, and are not a condition precedent to the bringing of suit by the plaintiff, and for the further reason that the demand for an appraisal * * * is vague, uncertain, and indefinite, in that it fixes no time when said appraisal should be made, and it names no person or persons who are to make said appraisal on part of the defendant, and said defendant did not, in said demand for an appraisal, offer to select a disinterested appraiser on its part, as required by the terms of said policy, * * * nor did said defendant, in said demand for an appraisal, provide for the appointment of an umpire." This demurrer was overruled by the court, and the plaintiff filed a reply alleging, in substance, that the defendant was estopped from insisting upon an appraisement because it had not named or selected an appraiser; that defendant had waived any appraisement by submitting to plaintiff an estimate of the amount of plaintiff's loss long after its demand was made for an appraisement, and after this suit was

commenced, and was willing to settle with plaintiff on the basis of said estimate. To this reply the court sustained a demurrer. Thereupon the plaintiff filed a motion for a continuance "for the purpose of selecting and choosing an appraiser to appraise the amount of loss which the plaintiff sustained under said policy, * * * and offers and tenders the name of Joseph Swaziek to the defendant as an appraiser on the part of this plaintiff, and fixes the place of appraisal at Belle Plaine, Iowa, and the time of said appraisal to take place on the fifth day of February, 1895, at 10 o'clock A. M. of said day." The affidavit attached to the motion stated that the plaintiff could not proceed with the trial at that term because no appraisal of the loss had been made. The defendant filed objections to the granting of a continuance, which were overruled and a continuance granted. Thereafter the plaintiff filed a supplementary petition, wherein, among other things, he set forth the fact that he had selected an appraiser, and fixed a date for an appraisement, and had notified the defendant of such facts; that the defendant had neglected and refused to select an appraiser, and had refused to fix a date for the appraisement of plaintiff's said loss; that the building which was burned, and upon which the policy in suit rested, was wholly consumed by fire July 28, 1894, so that it could not be told, from an examination of the ruins or of the ground where said building stood, how or in what manner said building had been constructed, nor could any appraisement be made without the aid of evidence of persons familiar with the building. To this petition the defendant demurred, on the ground that the court had held an appraisement of the loss to be a condition precedent to the right to bring an action; that plaintiff cannot bring his action, and thereafter serve notice of an appraisement, and claim that the same is a compliance with the provisions of the policy; that the defendant

cannot pursue his remedy by appraisement while his action is pending to recover on the policy; that the demand for an appraisement was made too late. This demurrer was overruled, and the same questions were raised by an answer filed by the defendant. The cause then proceeded to trial. At the close of the evidence the defendant raised the same questions by a motion for a verdict, which was overruled. Thereupon the plaintiff moved the court to instruct the jury to return a verdict for him, for the reason that there "is no controversy that this property is of greater value than the amount of the policy in evidence, and upon the whole record the plaintiff is entitled to a verdict." This motion was sustained, and a verdict returned accordingly.

From the foregoing statement it will be seen that the chief contention between the parties is as to whether or not, under the provisions of the policy, an appraisement, when demanded by the company, was a pre-requisite to the commencement of a suit on the policy, and, if so, whether the provisions of the policy were complied with by the plaintiff taking the necessary steps for an appraisement after he had instituted his suit, or, whether under such circumstances the suit was prematurely brought. Counsel for appellee makes the claim in argument that the statute (chapter 211, Acts Eighteenth General Assembly) supersedes the provisions of the policy with reference to an appraisement, and that under it nothing need be done before bringing suit, by one claiming a loss under a policy, except those things which the statute expressly provides. In other words, the claim is that the statute provides in express terms the only conditions precedent to the maintenance of an action on a policy of insurance, and that an appraisal is not one of those conditions. The question thus presented is very important, and, if it had been properly presented in this case, would, if decided in favor of the appellee, be decisive of

this appeal. But this question, as we view the record, is not before us for determination. The only place where it was raised was in the demurrer to the answer. That demurrer was overruled, and the question was not afterwards raised upon the trial. The plaintiff did not attempt to raise the same question in his reply. He acquiesced in the ruling of the court, which in effect held that, notwithstanding the provisions of the statute referred to, an appraisal was necessary; and he does not appeal. Under these circumstances we cannot determine the question as to whether the statute fixes the only conditions precedent to the bringing of the action, regardless of the requirements of the policy. The ruling of the district court on the plaintiff's demurrer to the answer not being appealed from, and the questions not thereafter being raised in the trial court, the law as thus held by said court, whether correct or not, controlled in the trial of the case.

II. We have seen that the district court held, in effect, that under the provisions of the policy an appraisement, having been demanded by the company, was a condition precedent to the bringing of an action on the policy. No appeal having been taken from its ruling in that respect by plaintiff and no further questions touching it having been raised during the trial, it should have been conducted in accordance with the theory of the law so adopted by the court. So, under this condition of the record, we must hold that an appraisement, if demanded, was a condition precedent to the bringing of a suit upon its policy. Nor, in the absence of statute provisions to the contrary, can it be doubted that, under a policy containing provisions like the one involved in this action, an appraisement is a condition precedent to the bringing of an action on the policy. *Gasser v. Sun Fire Office*, 42 Minn. 315 (44 N. W. Rep. 252); *Mosness v. Insurance*

*Co.*, 50 Minn. 341 (52 N. W. Rep. 932); *Levine v. Insurance Co.* (Minn.) 68 N. W. Rep. 855; *Chippewa Lumber Co. v. Phoenix Ins. Co.*, 80 Mich. 116 (44 N. W. Rep. 1055); *Old Saucelito Land and Dry Dock Co. v. Commercial Union Assur. Co.*, 66 Cal. 253 (5 Pac. Rep. 232); *Adams v. Insurance Co.*, 70 Cal. 198 (11 Pac. Rep. 627); *Carroll v. Insurance Co.*, 72 Cal. 297 (13 Pac. Rep. 863); *Pioneer Mfg. Co. v. Phoenix Assur. Co.*, 106 N. C. 28 (10 S. E. Rep. 1057); *Herndon v. Insurance Co.*, 107 N. C. 191 (12 S. E. Rep. 241); *Wolff v. Insurance Co.*, 50 N. J. Law, 453 (14 Atl. Rep. 562); *Insurance Co. v. Clancy*, 71 Tex. 5 (8 S. W. Rep. 630); *Hutchinson v. Insurance Co.*, 153 Mass. 143 (26 N. E. Rep. 439); *Chapman v. Insurance Co.*, 89 Wis. 572 (62 N. W. Rep. 422); *Hamilton v. Insurance Co.*, 136 U. S. 242 (10 Sup. Ct. Rep. 945). There is a class of cases, based upon policies wherein an award is provided for, but containing no provision prohibiting the bringing of suits until after such an award is made, in which it is held that an appraisal is not a condition precedent. See *Hamilton v. Insurance Co.*, 137 U. S. 385 (11 Sup. Ct. Rep. 133), and cases cited. It must not be forgotten that we are not considering the effect of the statute upon such policy provisions as the one before us, as, for reasons already stated, that question is not before us. The defendant company made a demand for an appraisement in due time, and requested plaintiff to designate his appraiser and fix a date for the appraisement, which he failed and neglected to do. It had complied with the provisions of the policy in that respect.

III.    Under the provisions of the policy, and under the law of the case as held by the trial court, an appraisement being a condition precedent to the bringing of a suit on the policy, was the demand for an appraisement by the plaintiff after the suit had been brought, or his acquiescence, after he had brought his suit, in a demand for an appraisement made

by the defendant long before the suit was brought, a compliance with the provisions of the policy? The provisions of the policy, which need not be again set out, are explicit in requiring an appraisement, when one is demanded, prior to the bringing of the action on the policy. The loss does not become payable, in case an appraisement has been demanded, until an award of the appraisers has been made, nor until the assured has complied with all of the requirements of the policy. An appraisement, as we have seen, was demanded by the company; it was not acceded to by the assured; it was never made; and, as this failure to comply with this provision of the policy was through no fault of the defendant company, there existed no right to bring the suit at the time it was instituted. It was, therefore, prematurely brought. Such being the case, the plaintiff could not, by filing a supplemental petition setting out a demand for an appraisal, made after the beginning of his suit, cure the defect as to the suit pending, unless by virtue of the statutory provision to be hereafter considered.

IV.    Our statute provide: "Either party may be allowed, on motion, to make a supplemental petition, answer, or reply, alleging facts material to the case, which have happened or have come to his knowledge since the filing of the former pleading; nor shall such new pleading be considered a waiver of former pleadings." Code, section 2731. Appellee claims that, under this section, he could properly plead and prove the demand for an appraisal made by him after the action was commenced. We do not think it can be held that this statute was intended to apply to a state of facts such as this record discloses. Appellee relies upon the following cases: *Insurance Co. v. McCrea*, 4 G. Greene, 229; *Seevers v. Hamilton*, 11 Iowa, 66; *Sigler v. Gondon*, 68 Iowa, 441; *City of Davenport v. Mitchell*, 15 Iowa, 195. The case in 4 G. Greene was a

suit in equity. By the terms of the policy the company was not liable to pay until sixty days after the loss. The petition was filed within the sixty days. The defendant demurred, and the plaintiff obtained leave to file a supplemental petition setting out that the sixty days had expired and the claim was then due. The only reason given by the court for holding that the supplemental petition should not be dismissed is that the cause was within the equitable jurisdiction of the court, and the court, after once obtaining jurisdiction, would retain it for all purposes. Such a reason, if good in that case, has no application to the case at bar, which is a law action. The *Seevers Case* was one involving no question of a condition precedent, but on a prior appeal the court held that the plaintiff could recover, and that it ought to appear that a certain judgment had been assigned to the defendants, and that they should not be put to the expense of setting aside the satisfaction of the judgment. No question was made as to the right of plaintiff to recover, but, the plaintiff having complied with the proceedings which *the court intimated as necessary,* and set up such facts in a supplemental pleading, it was held he might recover. *Sigler's Case* was an action to recover rent. After the action had been commenced another installment of rent became due, and recovery of it was sought by a supplemental petition filed in the original action. It was held that this might be done. It is to be observed that in that case the action was properly brought, and the liability of the defendant by lapse of time became enlarged during the pendency of the action. None of these cases authorize the construction of the section of the Code quoted, contended for by the appellee. Here we have a case where, by the contract of the parties, no suit could be commenced until after an appraisement, in case one was demanded. An appraisement was demanded. Without acceding to such demand, and without any excuse for failing so to

do, and in plain violation of the provisions of the contract, the plaintiff brings this action.  Thereafter he attempts to comply with the contract by demanding an appraisement.  If he can thus ignore the provisions of the contract which are precedent to his right to bring an action, and if he may thereafter at his pleasure demand the appraisement, it is manifest that he thereby in effect, and without the consent of the other party, renders of no effect a material provision in the contract. Such a construction of this statute would practically avoid and render of no effect every provision in any contract which made the right to institute an action to depend upon the doing of an act which the parties themselves had agreed should be done before a suit could be brought.  We cannot presume, in the absence of express language to that effect, that the legislature intended to thus interfere with and virtually abrogate provisions in contracts which go to the right to institute an action. The statute relied upon does not apply.  The court should have sustained the demurrer to the supplemental petition.  It also follows, from what we have said, that the court erred in continuing the case to enable the plaintiff to demand an appraisement, as such demand, made after the suit had been commenced, could in no event avail plaintiff, if such an appraisement was a prerequisite to the commencement of the suit, as the court had already held.  As we have said, the question as to whether a policy holder may not institute his suit after compliance with the provisions of the statute, and regardless of further or other provisions of the policy, is not before us, and is not, therefore, determined.

V.   Appellant contends that, even if it should be held that plaintiff could demand an appraisement after he commenced his suit, still, in any event, such demand on his part must be made within a reasonable time after the loss occurred, and that, in fact, his demand was

made five months or more after the loss occurred; and it is said that this was not within a reasonable time. Under our holding, that, in the absence of statute provisions to the contrary, an appraisement demanded after the suit has been commenced is not in compliance with the provisions of the policy, and not in time, it is not necessary that we consider whether or not the appraisement in fact demanded by the plaintiff was asked for within a reasonable time after the loss occurred. Other questions are argued, some of which, in view of our holding, are not material, and others may not arise upon another trial. The court erred in directing a verdict for the plaintiff.—REVERSED.