F. E. ZALESKY v. HOME INSURANCE COMPANY, Appellant.

**Fire Insurance:** APPRAISEMENT: *Condition precedent.* Code, section 1742, which provides that in an action on a policy of fire insurance the amount stated in the policy shall be *prima facie* evidence of the insurable value of the property at the date of the policy, but the company shall not be prevented from showing the actual value and any depreciation thereof before the loss occurred, that it shall be liable for the actual value of the property insured at the date of the loss unless such value exceeds the amount stated in the policy, and that, in order to maintain his action it shall only be necessary for the assured to prove the loss of the building insured, does not fix the value of the property destroyed, and therefor render inoperative a provision in a policy that makes an appraisment a condition precedent to a right of action on it.

*Appeal from Benton District Court.*—HON. OBED CASWELL, Judge.

FRIDAY, MAY 12, 1899.

ACTION on a policy of fire insurance. Judgment for plaintiff, and the defendant appealed.—*Reversed.*

*McVey & McVey* for appellant.

*W. C. Scrimgeour* and *J. J. Mosnat* for appellee.

GRANGER, J.—I. This is the second appeal of this case. See 102 Iowa, 613, for former opinion. The opinion on the former appeal presents the facts. The policy contains a provision for appraisement in case of loss. Defendant-made a demand for an appraisement, under the terms of the policy, before the commencement of the suit, which was, in effect, declined by plaintiff, and it is now urged that an appraisement was a condition precedent to a right of action. Appellee urges that the provision of the policy is abrogated by chapter 211, Acts Eighteenth General Assembly, section 3 of which is

made, in effect, section 1742 of the Code. Appellant denies
that such is the effect of the statute and further says that the
question of the right of appraisement, being a condition pre-
cedent to a right of action, was determined on the former
appeal, and hence is the law of the case, and cannot be again
considered. Appellee meets the last contention by a claim
that, when the case was remanded, the pleadings were so
changed that the case is not now affected by the holding on
the former appeal. A reference to that case will show that
we did not determine that a right of appraisement was a con-
dition precedent to a right of action; but that, as the district
court had so held, as against plaintiff, and as he did not appeal
from the ruling, it became the law of the case for that trial.
It appears that, after the district court so held, it continued
the case, on motion of plaintiff, to enable him to comply with
the condition as to appraisement; and thereafter the plaintiff,
by a supplemental pleading, made a showing of an offer of
compliance with the appraisement provision during the
continuance, which the defendant declined. A trial resulted
in the court's directing a verdict for plaintiff. Our holding
was that, inasmuch as the district court held an appraisement
such condition precedent, which holding, unappealed from,
was the law on that trial, it was error to hold that an offer of
appraisement, after suit was brought, was a compliance with
a condition. In other words, the case went from this court,
with a holding that, if the right of appraisement was a con-
dition precedent to a right of action, the compliance with the
condition must precede the commencement of the action. On
the first trial, the district court held with defendant on
the question of the condition being precedent, but against it
on the question of a right to comply therewith after suit
brought, and no assignment could well bring in question the
one now before us, for it was ruled in favor of appellant.

II. The following is the part of chapter 211, Acts
Eighteenth General Assembly, relied on by appellee: "In
any suit or action brought in any court in this state on

any policy of insurance against the company or association issuing the policy sued upon in case of the loss of any building so insured, the amount stated in the policy shall be received as *prima facie* evidence of the insurable value of the property at the date of the policy; provided, nothing herein shall be construed to prevent the insurance company or association from showing the actual value at the date of the policy, and any depreciation in the value thereof before the loss occurred; provided, further, such insurance company or association shall be liable for the actual value of the property insured at the date of the loss, unless such value exceeds the amount stated in the policy; and in order to maintain his action on the policy it shall only be necessary for the assured to prove the loss of the building insured.     *     *     * All the provisions of this chapter shall apply to and govern all contracts and policies of insurance contemplated in this chapter, anything in the policy or contract notwithstanding." This statute was in force at the time the policy was issued, and it is urged by appellee that it renders inoperative the provision of the policy as to appraisement, because the statute fixes the value and does just what the appraisement would have done. The measure of recovery, under the statute in question, is the actual value of the building when destroyed. The insurable value is deemed the actual value, unless the contrary is made to appear. The insurable value is fixed *prima facie* by the amount stated in the policy, and this amount is the measure of recovery upon proof of the loss of the building, with other matters, unless the company shall show the actual value to be less. *Martin v. Insurance Co.,* 85 Iowa, 643; *Des Moines Ice Co. v. Niagara Fire Ins. Co.,* 99 Iowa, 193. It is plain that the statute does not attempt to fix, as a measure of recovery, any other than the actual value of the building at the time of the loss. The law fixes the legal effect of different conditions, as that, if there is proof of the loss of the building, notice, etc., and defendant offers no proof as to the value, the measure of

recovery is the insurable value as fixed by the amount stated in the policy, because the statute makes it *prima facie* evidence of such value. But if, after such a *prima facie* showing, the company shall offer evidence to show the actual value to be less then the amount of recovery becomes a question for the jury, and the actual value is as the jury shall find it. It is clear, then, that it was not the legislative purpose to fix the amount of recovery, except under certain conditions as to proof. These observations are pertinent to our inquiry whether it was the legislative purpose, in the enactment of chapter 211, to fix an exclusive method of ascertaining damages in such cases. It goes without saying that it would be useless and futile to submit to appraisers or arbitrators the determination of what the law determined, as, if the law fixes the amount of recovery in case of total loss, that stated in the policy, appraisement, or arbitration as to amount could serve no useful purpose; and, under all authorities we have seen, the law fixing the amount would render nugatory a provision in a policy for choosing persons to do the same thing. But we have seen no case where it is held that, when the amount of recovery is a question of fact, the parties may not stipulate for its ascertainment by appraisers as a condition precedent to a right of action. We are referred by appellee to several cases supporting his contention, and we refer to them. Each case is determined under a statute radically different from ours in this: that in none of them is the question of amount of recovery left for ascertainment as a question of fact. It is fixed in each case as the amount stated in the policy. *Insurance Co. v. Eddy,* 36 Neb. 461 (54 N. W. Rep. 856), is one of the cases, and the controlling language of the act (Acts 1899, p. 425) is in these words: "The amount of insurance written in such policy shall be taken conclusively to be the true value of the property insured, and the true amount of loss and measure of damage." In Ohio the law is that, "in case of total loss, the whole amount mentioned in the policy, or renewal, upon which

the insurers receive a premium, shall be paid." *Insurance Co. v. Leslie,* 47 Ohio St., 409 (24 N. E. Rep. 1072). In Wisconsin the law provides that "the amount of insurance written in the policy shall be taken and deemed the true value of the property at the time of such loss * * * and such amount shall be taken and deemed the measure of damages." *Reilly v. Insurance Co.,* 43 Wis. 449. In Missouri the law provides that "the amount of insurance written in such policy shall be taken conclusively to be the true value of the property when issued and the true loss and measure of damages when destroyed." *Havens v. Insurance Co.,* 23 Mo. 403 (27 S. W. Rep. 718). If there is anywhere an authority that a statute substantially like ours operates to nullify a stipulation for appraisement in a policy, it has not come to our notice, and reason does not lead to such a conclusion. The ground upon which such statutory provisions are held to nullify a policy provision for appraisement is that the law fixes the amount of damages recoverable, and there are no questions to be settled by appraisement. Appellee's contention is based on precisely such a claim. But our statute, as we have seen, does not fix the amount.

Our present Code embodies the provisions of chapter 211, being section 1742, in substantially the same language as the original act, and the next section, 1743, contains this language: "No recovery on a policy or contract of insurance shall be defeated for a failure of the insured to comply, after loss occurs, with any arbitration or appraisement stipulations as to fixing the value of the property, unless it be pleaded and proved that the insurance company gave notice," etc. This provision was not in the law prior to October 1, 1897. Appellee regards this added feature of the law as evidence that appraisement was, not before, necessary. The question of its necessity is not involved. The question is, was it then a right? Of course this change or added provision is only important so far as it indicates the legislative thought as to the prior law and the change intended. If the legislative

thought was that section 1742 would deny the right of appraisement, without a saving clause for that purpose, and the purpose was to save that right, it would naturally use language adapted to such a purpose. If, on the contrary, it thought the right existed, but desired to limit or regulate its operation, it would naturally use different language. There is not a word used to indicate a purpose to grant or save a right, but every word is for the purpose of prescribing and limiting the exercise of an existing right. The only way to sustain the claim of appellee is to hold that the law makes the policy conclusive evidence of the amount of recovery, and such is the tenor of his argument. It will not bear that construction. Our conclusion is that there was a right of appraisement as a condition precedent to a right of action. The judgment must be REVERSED.