F. E. Zalesky v. Home Insurance Company, Appellant.

**Practice:** ESTOPPEL TO AMEND: *Third trial.* Where an action on an insurance policy has been twice tried and appealed, the plaintiff both times admitting the allegations of defendant's answer that there was a disagreement as to the damages suffered, but replying that no appraisal could be had, as provided by the policy in such case, for certain reasons, on a third trial, plaintiff will be estopped to reply that there had never been any disagreement as to such damage.

*Appeal from Benton District Court.*—Hon. G. W. Burnham, Judge.

Tuesday, October 8, 1901.

Action on a fire insurance policy. At the close of the evidence there was a directed verdict for the defendant, which was afterwards set aside and a new trial granted. The defendant appeals.—*Reversed.*

*McVey & McVey* for appellant.

*W. C. Scrimgeour* and *J. J. Mosnat* for appellee.

SHERWIN, J.—This is the third appeal of this case.
The opinions on the former appeals will be found in 102
Iowa, 613, and in 108 Iowa, 341. The facts upon which the
case is based are recited in full in the first opinion. In the
original answer filed, the defendant pleaded that there was
a disagreement between the parties as to the amount of dam-
age sustained by the plaintiff; that a demand for an apprais-
al had been made, as provided by the contract of insurance;
that the plaintiff had refused the same; and that the action
was therefore prematurely brought. The plaintiff demurred
to this answer on several grounds. He admitted the demand
for an appraisal, but alleged that the provision of the policy
providing therefor was null and void under the laws of the
state. This demurrer was overruled, and the plaintiff re-
plied, alleging that the defendant was estopped from insist-
ing upon an appraisal because it had not named or selected
an appraiser, and alleging a waiver thereof on other grounds.
The defendant demurred to this reply on the ground that the
facts stated did not constitute a waiver. The demurrer was
sustained, and thereupon the plaintiff filed a motion for a
continuance, for the purpose of having an appraisement
made, as provided in the policy. The case was continued, an
appraiser was selected by the plaintiff, and a written demand
for an appraisement was made upon the defendant, which
was by the defendant refused. The plaintiff then filed a
supplemental petition, setting out the demand for an apprais-
al pending the action. The defendant demurred to the peti-
tion and its supplement, on the ground that an appraisement
was a condition precedent to bringing suit, and that an ap-
praisement pending suit was of no avail, which demurrer
was overruled, and the defendant answered the supplemental
petition, raising the same question. There was a trial
to a jury, and a directed verdict for the plaintiff; the district

court holding that an appraisement was a condition precedent to the action, but that it might be complied with after the action was brought. From the latter finding the defendant appealed, and we reversed the case, on the ground that if an appraisement was a condition precedent to bringing action it must be demanded before the action is commenced. See 102 Iowa, 613. Whether an appraisement could be demanded as a condition precedent to action, under chapter 211, Eighteenth General Assembly, we did not determine then, because no appeal had been taken by the plaintiff from the ruling of the trial court on the demurrer above referred to. The case went back for trial, and the plaintiff then amended his reply to the answer to the original and supplemental petitions, alleging that the provisions of the policy requiring an appraisement were null and void, and contrary to chapter 211, Acts Eighteenth General Assembly. This plea was demurred to, which was overruled. The defendant refused to plead further, a jury was waived, a trial was had to the court, and a judgment was rendered for the plaintiff, from which the defendant appealed. On that appeal we considered the question raised by the amended reply, and held the requirement of the policy as to an appraisment valid. See 108 Iowa, 341. The case again went back for trial, whereupon the plaintiff, on September 12, 1899, filed an "amended and substituted" reply, in which he pleaded that there had never been any disagreement as to the amount of his loss or damage under the policy, and that the defendant, in consequence thereof, had no right to demand an appraisement before suit. The reply was stricken from the files on motion of the defendant. A trial was had to jury, and at the close of the evidence a verdict was directed for the defendant, which was upon motion afterwards set aside, and a new trial ordered. This appeal is from that order.

When the plaintiff demurred to that portion of the answer which pleaded a disagreement as to the loss and a demand for an appraisement, he admitted solemnly of record

that a disagreement existed. When he replied and pleaded a waiver, he readmitted the same fact. His action afterwards in asking a continuance and in naming an appraiser, and in demanding an appraisement and fixing a place and time therefor, can only be accounted for on the theory that he recognized the disagreement. The first two trials below were upon their merits, and in neither of them was there a suggestion that the necessity for an appraisement had not then arisen, nor was such a suggestion made in argument upon the appeals. Not until the case had been twice reversed, and the question of the defendant's right to demand an appraisement as a condition precedent to bringing action had been twice determined in its favor, was the question of fact raised or presented which might have terminated the case finally upon the first appeal. From the very inception of the case, the plaintiff has known, as fully as he knows now, whether or not there was any disagreement as to his damages. If there was none, no appraisement before suit was necessary, and that part of the defense must fail. If instead of admitting the disagreement, as he did in his pleadings up to the time of the last trial, or at least when the first two trials were had, he had denied it, the jury could then have determined that question, and, as we have said, its finding might have put an end to the case long ere this.

The due and timely adjudication of the rights of litigants demands that a cause of action or a defense be submitted as a whole when known, and not by piecemeal; otherwise, parties not offending in this way may be eternally harrassed, and the courts constantly engaged in passing upon the points, raised, one at a time, in a long course of litigation. We cannot lend our sanction to such procedure. Where there is an opportunity for the full presentation of all the facts in a case, the party relying thereon must make a full disclosure thereof if known to him, or suffer for his failure so to do. He cannot be permitted to conceal a part of his action or de-

fense, or to negligently overlook it, and thus prolong indefinitely the final settlement of the case.   This proposition is so manifestly right that no citation of authority in its support seems necessary.   The plaintiff had been given his full and entire day in court before the third trial, and he should not then have been permitted to present the claim he did, especially after his repeated admissions in his pleadings. Nor would the fact that some of these admissions were withdrawn after the second trial change the situation in this case.   They had been made and relied upon in the progress of the case through the lower, and through this court and the plaintiff is now estopped from at this time interposing the attempted plea.

The order setting aside the directed verdict should not have been made, and should stand REVERSED.