ELLA KNAPP v. THE BROTHERHOOD OF AMERICAN YEO-
MAN, Appellant.

**Benefit insurance:** CONDITION PRECEDENT: BURDEN OF PROOF: WAIVER.
1  A provision in a certificate of insurance requiring arbitration
as a condition precedent to action thereon is valid, so far as it
relates to a settlement of questions of fact: and where there
is a specific denial of plaintiff's performance of such a condi-
tion made incumbent on him by the terms of the contract, the
burden is upon him to prove performance, or a waiver of the
conditions; and where waiver is relied upon it must be spe-
cifically pleaded.

**Insurance:** FALSE REPRESENTATIONS: ADMISSION OF EVIDENCE: MO-
2  TION TO STRIKE.  In an action on a certificate of insurance, tried
on the theory that certain alleged false representations in as-
sured's application, a copy of which was attached to the peti-
tion, constituted a defense, it was error to strike from the case
all evidence bearing on that question and to withdraw the
issue from the jury on an objection made for the first time
during the argument, that a correct copy of the application
was not indorsed on or attached to the certificate as required
by statute, of which there was no evidence.

**Application for insurance:** COPY ATTACHED TO CERTIFICATE: DIS-
3  CREPANCY.  The mere fact that a copy of an application at-
tached to an insurance certificate differs from the original ap-
plication only by omitting the words " question " and " an-
swer," but it appears that the items therein are in fact questions
and answers, the discrepancy is insufficient to show that the
company failed to attach a true copy of the application.

*Appeal from Linn District Court.*— HON. J. H. PRESTON,
Judge.

THURSDAY, JULY 9, 1908.

ACTION on a certificate of insurance in the defendant
association in favor of plaintiff as beneficiary on the life of
her husband, Frank Knapp.  Verdict and judgment for
plaintiff.  Defendant appeals.— *Reversed.*

*Edgar C. Corry* and *Dawley, Hubbard & Wheeler,* for appellant.

*Smith & Smith* and *S. K. Tracy,* for appellee.

McCLAIN, J.— The issues raised by the pleadings on the trial which resulted in the judgment in plaintiff's favor now appealed from were the same as those raised on a former trial, which resulted in a verdict and judgment in plaintiff's favor, which judgment was reversed on appeal to this court (see 128 Iowa, 566), save that on the last trial the defendant by amendment to its answer alleged the failure of plaintiff to comply with a prerequisite condition to the bringing of suit on the certificate, in that she had failed and neglected to submit to arbitration the question of defendant's liability upon said certificate and her claim thereon, as required by conditions in such certificate. To this new averment on the part of defendant plaintiff replied that defendant had not asked for an arbitration or appointed any arbitrator, and that such provision with reference to arbitration was illegal and void, and the failure to procure arbitration was not a legal defense to the action. The other defenses interposed related to alleged breaches of the stipulations and conditions in the contract on which plaintiff sued, consisting of the certificate and application therefor signed by Frank Knapp as applicant for membership in the defendant association.

I. One of the conditions of the certificate was that no action should be maintained thereon unless a board of arbitrators of three members, one appointed by the supreme officer of the corporation, defendant, one appointed by the homestead or local subordinate organization or lodge, and one appointed by these two persons so selected, should fail to settle the claim made under the certificate. At the close of plaintiff's evidence, defendant moved for a directed verdict

1. BENEFIT INSURANCE: condition precedent: burden of proof: waiver.

on the ground that plaintiff had failed to plead or prove performance of this condition precedent with reference to arbitration. This motion was overruled, and in this we think the court committed error. Such a provision for determination by arbitrators as to whether the loss is one covered by the contract is valid so far as it relates to the determination of questions of fact. *Eighmy v. Brotherhood of Railway Trainmen,* 113 Iowa, 681; *Zalesky v. Home Insurance Co.,* 114 Iowa, 516; s. c., 102 Iowa, 613; s. c., 108 Iowa, 341; *Read v. State Insurance Co.,* 103 Iowa, 307. There was no evidence whatever of any effort on the part of plaintiff to secure the appointment of a board of arbitrators, nor was there any evidence of a waiver by defendant of the condition of the certificate with reference to such arbitration. On the former appeal it was held that, in view of the general allegation by plaintiff of the performance of all conditions and obligations prescribed in the contract, it was not error to refuse to direct a verdict for defendant on the ground that the specific condition in relation to arbitration had not been performed; there being no question raised by the answer of defendant or otherwise as to the performance of such condition. But, when it is alleged in defendant's amendment to its answer that this condition precedent had not been performed, it was incumbent upon plaintiff to show compliance with the condition or facts constituting a waiver of such compliance on the part of defendant. While it was not necessary, under Code, section 3626, for plaintiff to do more than allege generally the performance of all conditions on her part, and defendant was required, under Code, section 3628, to make specific denial as to the performance of any particular condition, specifically stating in what respect plaintiff had failed to comply with such condition, nevertheless the burden rested upon plaintiff, after such specific denial, to prove performance of this condition precedent or waiver thereof, and waiver, if relied on, should have been specially pleaded. It was not for defendant to ask for

an arbitration or appoint arbitrators until the claim was made against the defendant under the certificate and the appointment of the arbitrators provided for was required by plaintiff.  The stipulation as to arbitration was not invalid as depriving the court of jurisdiction within the principle recognized in *Prader v. National Masonic Accident Ass'n*, 95 Iowa, 149.  Nor was it open to the objection sustained to stipulations for arbitration in *Lindahl v. Supreme Court I. O. O. F.*, 100 Minn. 87 (110 N. W. 359, 8 L. R. A. [N. S.], 916, 117 Am. St. Rep. 666); and *Markham v. Supreme Court I. O. O. F.* (Neb.) 110 N. W. 638, that they were unreasonable.  The plaintiff was simply required to postpone bringing action until the arbitration provided for had failed to result in a settlement of the claim.  That such a stipulation is valid seems to be well settled.  See cases collected and discussed in 2 Bacon, Benefit Societies, section 450.

II.  After the evidence on both sides relating to false statements by the applicant as to his habits with reference to the use of intoxicating liquors, which were relied upon as

2. INSURANCE: false representations: admission of evidence: motion to strike.

a defense, had been received, and both parties had rested, and during the progress of the argument of defendant's counsel to the jury, a motion was made in behalf of plaintiff to take from the jury all of the evidence offered by the defendant in relation to representations made by the deceased touching his use of intoxicating liquors as shown by the original application, and also all of the testimony of defendant's witnesses in relation to the previous habits of the deceased as to the use of intoxicating liquors, for the reason that a correct copy of the application was not indorsed upon or attached to the certificate sued upon, as required by the provisions of Code, section 1826, and to withdraw the defenses based on such alleged false representations from the consideration of the jury for that reason.  This motion was sustained, and the court refused to instruct with reference

to such defenses.    This action of the court was plainly erroneous.    The case had been tried on the theory that falsity of such representations would constitute a defense, and the admissibility of the evidence on the part of the defendant tending to show that the representations in the application, which was set out by way of exhibit to plaintiff's petition as a part of the contract, had not been questioned on the ground that a true copy of the application or representation had not been attached to the certificate or indorsed thereon, as required by the statutory provisions referred to.    By this ruling the court allowed the plaintiff to inject into the case a new issue as to which no evidence had been introduced, or, so far as we can determine from the record, was before the court.    It does not appear from the record that the application containing the representations the falsity of which was pleaded by the defendant was introduced in evidence prior to the time when the motion was made.    The plaintiff had pleaded the certificate and application as constituting together the contract under which recovery was asked and had set out copies thereof, and the defendant had pleaded falsity of representations made in such application.    It does not appear from plaintiff's pleadings or otherwise that the application was not attached to the certificate as required by the statute.    All that does appear in this respect, so far as we have been able to ascertain, is the recital in plaintiff's motion of the discovery by plaintiff's attorneys then for the first time that a correct copy of the application was not indorsed upon the back of the certificate or attached thereto, and that the questions and answers contained in a specified portion of the application were different from those pleaded in defendant's answer.    Subsequently to the making and sustaining of this motion, defendant requested that Exhibit 1, which is stated to be the original application, go to the jury with the other exhibits, which request the court refused, and plaintiff offered in evidence Exhibit 2, the certificate of membership and application attached thereto, as set out

in her petition. It is plain therefore that defend-
ant had no opportunity to show that the original ap-
plication was in fact attached to the certificate, or that it
corresponded with the copy thereof set out by plaintiff as
having been so attached. As we understand the record,
there was no justification for the action of the court in sus-
taining the motion of plaintiff striking out the evidence re-
lating to falsity of representations and in refusing to submit
to the jury the defense based thereon.

But accepting the claims of plaintiff as to the discrep-
ancies above referred to, we are clear that they were not
such as to preclude the defenses interposed for the defendant.

3. APPLICATION FOR INSUR-ANCE: copy attached to certificate: discrepancy.

The claim made by counsel for appellee as to
these discrepancies is as follows: " As ap-
pears on page 9 of the abstract (setting out
the exhibit to plaintiff's petition) the applica-
tion, questions and answers made are precisely as follows:
' (1) Do you use wine, beer, whisky, or other liquors?
Yes. (2) If not, how long an abstainer? (3) State kind
used. Beer. (4) How much at a time? Glass. (5)
How often? Occasionally. (6) Which do you use daily?
(7) How often have you been intoxicated during the last
five years? No.' The literal indorsement as a pretended
copy of the above application, and as found placed on the
policy in question, is in the following words (see page 17
of the abstract setting out a portion of defendant's answer):
' (1) Do you use wine, beer, whisky, or other liquors? Yes.
Question 3: State kind used. Answer: Beer. Question
4: How much at a time? Answer: Glass. Question 5:
How often? Answer: Occasionally. Question 7: How
often have you been intoxicated in the last five years? An-
swer: No.' " By comparison it will appear that, aside
from the omission of the words " question " and " answer,"
preceding each of the questions and answers as set out in
defendant's answer, which are not found preceding the cor-
responding questions and answers as set out in Exhibit 2

of plaintiff's petition, there is no discrepancy, save in the omission of questions 2 and 6 found in plaintiff's exhibit, to which no answers were given. As the defendant does not purport to set out all the questions and answers found in the original application, the fact that there are questions and answers in plaintiff's exhibit which are not contained in defendant's answer does not show, nor tend to show, that the original application did not contain all the questions and answers found in plaintiff's exhibit purporting to show the copy of the application which was in fact attached to the certificate. With reference to the omission of the words "question" and "answer" at the beginning of each question and answer, it is sufficient to say that, as presented in plaintiff's exhibit, it is perfectly plain that the numbered items, although not preceded by the word "question," are in fact questions which the applicant is required to answer, and that the words following the interrogation mark in each case are the answers given by the applicant to such questions. Such a discrepancy as this does not show omission of the defendant to attach to its certificate or indorse thereon a true copy of the application or representation on which the certificate was issued. The discrepancies were not such that construction would have to be resorted to in order to determine whether the terms were the same. The statute does not require a true likeness or *fac simile. Johnson v. Des Moines Life Ins. Ass'n,* 105 Iowa, 273; *Seiler v. Economic Life Ass'n,* 105 Iowa, 87; *Corson v. Iowa Mutual Fire Ins. Ass'n,* 115 Iowa, 485; *Nugent v. Greenfield Life Ass'ns,* 172 Mass. 278 (52 N. E. 440). The application as set out in plaintiff's exhibit did contain *verbatim* all the questions and answers relied upon by defendant as constituting false representations by the applicant, and we have no means of knowing from this record, and so far as we can discover the trial court had no means of knowing from the evidence before it, whether there were contained in plaintiff's exhibit questions and answers not found in the original

application. There is no pretense in appellee's arguments that there were questions and answers in the application which were not set out in the copy of the application attached to the certificate as issued.

For the errors pointed out, the judgment must be *reversed.*